[No. 751.]

GEORGE DONNER, PLAINTIFF, *v.* CYRUS PALMER ET AL., DEFENDANTS, AND H. W. BRADLEY, INTERVENOR.

STIPULATION.—If the parties, before a trial, agree on the facts, and then stipulate that either party may, on the trial, add such documentary evidence as he sees proper, the stipulation will be construed to mean evidence pertinent to the issue and which was in existence at the date of the stipulation.

STIPULATION IN CASE OF INTERVENTION.—If, in an action of ejectment, a third party intervenes, and his petition to be allowed to intervene does not state facts sufficient to entitle him to do so, and, without making the objection, the plaintiff and intervenor agree upon the facts and stipulate that the claim of the intervenor shall be determined upon the legal effect of the stipulated facts, the plaintiff cannot afterwards raise the objection that the case is not one in which an intervention can be made, or that the pleadings are insufficient for that purpose.

LAW OF A CASE.—A judgment of the Supreme Court in a case becomes the law of the case in all its stages while the facts remain the same.

PARTIES ESTOPPED BY A STIPULATION.—If the parties in an action of ejectment agree to the facts, which facts are based on the presumption that

at a certain time the title to the demanded premises was in a third person, and the court is asked to determine which has acquired the title of such third person, and the court decides on the facts, neither party will afterwards be heard to assert, for the purpose of avoiding the effect of the judgment, that such third person had no title.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

. Bradley, the intervenor, appealed.
The other facts are stated in the opinion.

*E. A. Lawrence and J. P. Hoge,* for Appellant.

*S. O. Houghton,* for Respondent.

By the Court, WALLACE, J.:

Donner, in April, 1861, commenced an action against the defendants to recover three undivided fourths of 100-vara lot No. 39, in San Francisco. He averred in his complaint that he was seised of the premises as owner in fee. The answers of the defendants denied that allegation, and set up title in themselves to the several subdivisions of which they admitted themselves in the possession.

The only issue, therefore, joined between those parties rested upon the ownership in fee of the undivided three-quarters of the premises. Under these circumstances Bradley undertook to intervene in the action. His petition filed for that purpose (and served upon Donner and the defendants) set up that he was himself the owner in fee of one of the undivided three-quarters of the premises mentioned in the complaint of Donner, and that he had an interest to that extent in the matter in litigation in the success of Donner, and against the asserted title of the defendants. To this intervention Spencer, one of the defendants, filed an answer which only raised an issue of title between himself and Bradley. The other defendants did not, in fact, plead to the petition of Bradley, but, by stipulation of parties, the answers to the complaint of Donner already on file and the replication of the latter thereto, were adopted as the pleadings in the intervention; and on the eighteenth of January, 1862, a stipulation was entered into between Don-

ner and Bradley, by the terms of which the former was "considered as having duly filed his answer to the intervention or complaint of Bradley," etc., and the latter "considered as having duly filed his replication to such answer," etc.

The pleadings upon which the asserted right of Bradley in the premises was to be tried and determined in the action of *Donner* v. *Palmer et al.* were thus made up and became part of that cause by consent of all parties concerned, none of whom seem to have made any question touching the practice or the mere form of procedure pursued by Bradley, nor to have regarded the latter as seeking to intrude himself into a pending controversy of theirs in which he had no legal right to be heard. And at this point we may remark that the controversy thus initiated by the petition of Bradley, while it nominally involved the defendants, really concerned Donner only, for while it sought to deprive the latter of an undivided one-quarter, being one-third of the interest he claimed, it had no material bearing upon the position of the defendants, whose hope of success in the action lay in the defeat of the alcalde grant itself, under which both Donner and Bradley claimed undivided interests; and failing in this, it would be of no appreciable difference to them, whether they should surrender the premises to Donner alone, or to Donner and Bradley together, no question of rents and profits or damages being involved.

On January 31, 1862, Donner and Bradley signed and filed another stipulation, evidently prepared with great care, and covering some half-dozen printed pages in the transcript, which sets forth the facts upon which they respectively claim the one-quarter of the premises mentioned in Bradley's petition, and concludes with a clause that these stipulated facts "shall be deemed and held to be admitted and proved on the trial of said cause, with the same force and effect in all respects whatever, as though such facts were put in issue by the pleadings in the cause, and duly established by competent proof thereof." It appears by this stipulation that the particular quarter brought into contro-

versy between Donner and Bradley, was one which is conceded to have belonged to Yontz (by a deed of Donner made to him), and that Donner and Bradley each claim to have afterward acquired the title of Yontz through the operation of certain attachments, judgment liens, execution sales, sheriff's deeds, etc. The question made involves the relative priority of the lien of one over that of the other. The evident object of the stipulation is that the claim of Bradley, as made before the court, should be determined upon the legal effect of the stipulated facts themselves. It looked to a final judgment upon the very right of the parties as thus set forth, regardless of the mere form in which the claim itself was presented. This is plain enough from the nature of the stipulated facts themselves; but in order that no misapprehension in this respect should occur, the stipulation declares in terms, that " it is further agreed and expressly understood that it is the intention and object of the foregoing stipulation to submit to the court, as a question of law, the question of the priority of the foregoing judgments, liens, and attachments, and which the parties acquired, under the sales herein mentioned, the interest of the said John Yontz in the property sold as hereinbefore stated, and that either party may give in evidence any documentary evidence they may see proper."

The first trial of the cause was had in 1862, before the court below and a jury, and on that trial all the issues, as well those between Donner and Bradley themselves as those in which the defendants had an interest, were tried and determined. The result was that under the instructions of the court the jury found a general verdict in favor of Donner against the defendants, and the intervenor as well. The court below denied the defendants a new trial, and they came here on appeal from the order of denial. But the court below at the same time granted the intervenor a new trial, and this order Donner brought here for review.

These two appeals, though separately presented, arose in the same action, and were consolidated and considered together in this court. (*Donner* v. *Palmer, Bradley intervenor,* 23 Cal. 40.) This court then reversed the order

denying a new trial to the defendants, and affirmed the or-
der granting a new trial to the intervenor. The result was
that the cause was remanded in order that this general new
trial should be had. It was had accordingly, and the jury
again found a verdict in favor of Donner as against the de-
fendants, upon which verdict judgment was entered in his
favor, which judgment has since been affirmed in this court.
(*Donner* v. *Palmer*, 31 Cal. 500.) Upon this new trial the
case, as between Donner and Bradley, the intervenor, was
by further stipulation withdrawn from the consideration of
the jury, and submitted to the judgment of the court. The
stipulated facts were brought to the attention of the court
below, and the case made by the intervenor was substan-
tially the same which had been presented here on the first
appeal in 1863. Donner, however, put in certain documen-
tary evidence which did not appear in the case on its first
trial (and, indeed, could not have appeared, for a portion
of it had no existence then). The court below, in deciding
the case between Donner and Bradley, seems to have given
no consideration whatever to this documentary evidence put
in by Donner on the second trial, and so far we think the
court was right, though it would have been better to have
excluded it altogether, upon the objection of Bradley. The
stipulation permitting either party to add to it such "docu-
mentary evidence " as he saw proper, must be construed to
mean that such "documentary evidence " was pertinent to
the issue made, which the evidence put in by Donner was
not, for it seems to have had no concern with the Yontz
quarter in controversy. And the stipulation must also be
construed to mean such "documentary evidence " as was in
existence at the date of the stipulation itself and which might,
if the parties had chosen to do so, have been added to or
annexed to the stipulation itself, at the time. The clause of
the stipulation giving leave to either party to produce other
"documentary evidence " must be considered to have refer-
ence to "documentary evidence " then in existence and of
which they knew, or must be held to know; but they could
not have known, nor reasonably be held to know, of the ex-
istence of a document which did not at the date of the stip-

ulation exist at all, and, in fact, had no existence even so late as the first trial of the cause in the court below. We allude, of course, to the deed of James Ross, made to Donner on the third day of March, 1862.

The court below, however, though disregarding the evidence offered by Donner, rendered judgment against Bradley, because "no case was made by the intervenor in his petition, or in the facts offered or received in proof, to entitle him to a judgment either against the defendants or the plaintiff. From this judgment, and an order subsequently made refusing him a new trial, Bradley has brought this appeal; and the parties have stipulated that the transcript on file here in the late case of *Donner* v. *Palmer et al.* (31 Cal. 500), shall be considered in connection with the statement filed by the intervenor on the appeal, so far as the same is applicable.

In connection with the order denying the intervenor a new trial, the court below filed an elaborate opinion which appears in the record, and which we have attentively considered. In proceeding to determine the case against the intervenor by reason of the supposed insufficiency of his petition of intervention, or of the stipulated facts to entitle him to judgment in his favor, the court below assumes "that nothing was decided in the case in the Supreme Court affecting either the plaintiff or defendants and the intervenor, except the question as to which of the judgments had the prior lien on Yontz's interest in the demanded premises at a given date." "Everything, therefore," says the court, "beyond that, remained open to inquiry and determination in the court on the new trial." Upon this view the court below felt at liberty to consider the sufficiency of the petition of Bradley as a question properly before it, and thereupon it determined that that petition would not support a judgment in his favor.

It may be conceded to be abstractly true that this court, on the former appeal in 1863, did not determine that the petition of Bradley did support his intervention in the cause. No such objection was raised then, and we think that no such objection would have been entertained here, if it had

been then attempted. For we think that the intention of
the parties, in making the stipulation of January 31, and
its effect as made, must be held to preclude Donner on the
former and present appeal, and should have precluded him
in the court below from raising or relying upon this objec-
tion. By that stipulation he and Bradley had for themselves
determined and adjusted between themselves all questions,
except that one ultimate question by the stipulation re-
served for the determination of the court. It became
wholly immaterial, in view of the stipulation, whether
Bradley had presented a sufficient, or any petition at all,
for the stipulation undertook to supply him with all the
necessary pleadings on his part to enable him to obtain the
judgment of the court upon the facts of his case, which facts
were at the same time admitted. And Donner, who had
never in fact, pleaded at all to the petition of Bradley, by
means of the stipulation, was considered as having done so,
and to have placed upon the record all the averments and
denials proper to enable him to present his case against
Bradley for determination by the court. We think that
Donner was not at liberty thereafter to assume the position
that the case itself was not one in which an intervention
could be properly made, or that the pleadings of Bradley
were insufficient for that purpose. For the effect of that
objection, were he permitted to rely upon it, would be to
withdraw the stipulation itself, as was, in fact, thereby
done below, from the consideration of the court. How can
the court decide "as a question of law the question of
priority,   *   *   *   and which of the parties   *   *   *
acquired,   *   *   *   the interest of said John Yontz," etc.,
which was expressly declared to be submitted for decision,
if Donner is to be permitted to say that Bradley is not en-
titled to be heard at all? For upwards of three years the
parties had proceeded in the cause upon the construction
of the stipulation, and the question expressly reserved had
been tried in the court below, a new trial granted, consid-
ered upon appeal brought by Donner himself to get rid of
the new trial, and throughout all these various proceedings
no question is made that Bradley is not properly a party in

the cause, and with a case properly presented for a judgment on the merits.

We are of opinion that the court below erred in entertaining the objection to the sufficiency of the petition, and in disposing of the cause on that ground, and that the judgment must be reversed for that reason.

We think, too, that upon the return of the cause a judgment should be entered by the court below, determining that Bradley is the owner of an undivided one-fourth interest in this lot 39.

The case stands wholly upon the stipulated facts. Those facts, as we have seen, were before the court on the former appeal, and it was then adjudged here that the intervenor had the better right. It would have been proper then to have directed a final judgment for Bradley, had it not been that the order for the new trial, awarded to the defendants, left the title of both Donner and Bradley undetermined as against the defendants, who might, upon the new trial, succeed in overthrowing the Alcalde grant itself, and thereby put an end to the existing controversy between Donner and Bradley. The intervention was, therefore, remanded for a new trial; but this court, at the same time, decided that upon the facts then before it, Bradley was the owner in fee of the undivided quarter of this lot 39. That decision became the law of the case, and thereafter conclusive alike upon the parties, the court below and this court, so long as the facts remained substantially unchanged; and we have seen that on the second trial of the cause they were substantially the same as they appeared on the last appeal.

It is now urged, however, by the counsel of Donner, that the ultimate question of title as between Donner and Bradley was never submitted for decision at all; that even though it has been determined, that upon the agreed facts such title as Yontz had was vested in Bradley, it may be that Yontz never had a title. We do not so construe the stipulation. It assumes as a basis that Yontz had the true title to this quarter at a given period of time, and then the judicial proceedings against Yontz are set forth, under which Donner and Bradley respectively claim to have ac-

quired that title, the question being, as we have said, one of priority of lien merely.  If Yontz had no title, Donner should not have made the stipulation he did, for it amounted to an imposition on the court, which he ought not now to be heard to aver as a means of escaping from the consequences of the decision made.   The stipulation distinctly looked to the rendition of a final judgment, which should determine that Donner or Bradley, the one or the other, had acquired the title in fee to the undivided quarter assumed and admitted to have been formerly vested in Yontz. We cannot regard it as reserving the question as to whether or not Yontz himself ever had the title, or as merely presenting the abstract question of the relative priority of the lien under which each claimed to have acquired that title for himself.   It cannot be considered that it was the purpose of the parties to obtain the opinion of the court upon one abstract proposition in the first instance, and then upon another, and so on *ad infinitum* as they may see proper to submit them, and to be followed, it may be, by no determination of the ultimate rights of either party.   Our judicial system has not as yet provided for the establishment of moot courts, or made it our duty to solve legal conundrums for purposes of mere amusement or instruction.

The judgment and order denying a new trial are reversed, and the cause remanded, with directions to the District Court to render judgment that Bradley is the owner in fee of an undivided fourth of the premises, and awarding him the possession thereof, with costs against the plaintiff.

[NOTE.—The foregoing case was decided at the October term, 1870, but has not heretofore been reported.—REP.]