[14554.   Department One.— May 16, 1893.]

## FRANK GANCEART, APPELLANT, v. J. B. HENRY, RESPONDENT.

ACTION TO REDEEM — DEED INTENDED AS MORTGAGE — PLEADING — MATURITY OF DEBT — CAUSE OF ACTION. — A complaint which seeks to have an absolute deed declared a mortgage, and to permit the plaintiff to redeem therefrom, but which fails to show that the money averred to have been borrowed by the plaintiff from the defendant is due and payable, fails to state a cause of action.

PLEADING — SUSTAINING OF DEMURRER — AMENDMENT — WAIVER OF ERROR. — The amendment of a complaint after the sustaining of a general demurrer thereto is a waiver of any error in the sustaining of the demurrer.

ID. — EFFECT OF DEED AS EVIDENCE — PROOF OF SUPERIOR EQUITY BY PAROL — CONFLICTING EVIDENCE — REVIEW UPON APPEAL. — A deed of conveyance, absolute on its face, is some evidence that the transaction is what it purports to be, and in order to establish an equity superior to the deed and authorize a determination that the deed was given as security for an existing debt, the testimony, if parol in character, should establish a clear case; and where the evidence is conflicting, a finding that the deed was not intended as a mortgage cannot be disturbed upon appeal.

REFUSAL TO STRIKE OUT PLEADING — ORDER NOT DEEMED EXCEPTED TO — ABSENCE OF PARTY — BILL OF EXCEPTIONS — REVIEW UPON APPEAL. — An order refusing to strike out a pleading is not deemed excepted to unless made in the absence of the party complaining; and an assignment of error in such refusal will not be considered upon appeal, where the record fails to show either that the appellant excepted to the ruling of the court, or that he was absent when the ruling was made, and no bill of exceptions was prepared embodying the action of the court.

ID. — JUDGMENT-ROLL. — In the absence of a bill of exceptions, embodying the notice of motion to strike out a pleading, the motion and order of the court refusing such motion, do not become a part of the judgment-roll under section 670 of the Code of Civil Procedure.

| 98  | 281  |
|-----|------|
| 112 | 2    |
| 98  | 281  |
| 117 | 359  |
| 98  | 281  |
| 123 | 79   |
| 98  | 281  |
| 145 | 463  |

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion.

*A. H. Griffith,* and *G. W. Bowie,* for Appellant.

The complaint stated a cause of action and the trial court erred in sustaining the demurrer thereto. (*Reynolds* v. *Lincoln,* 71 Cal. 183; *Threlkel* v. *Scott,* 89 Cal. 351.) The court erred in refusing to strike out the amended answer, which was filed with-. out leave court. (*Wheeler* v. *West,* 78 Cal. 95; *McGary* v. *Pedrorena,* 58 Cal. 94; Code Civ. Proc., secs. 472, 473; 3 Estee's Pleadings, sec. 4447; Hayne on New Trial and Appeal, sec. 57.) The evidence was insufficient to justify the decision of the court, as it clearly showed that the transfer was a mortgage

and did not pass title.  (Civ. Code, secs. 2924, 2925; Code Civ.
Proc., sec. 744; *Darst* v. *Murphy*, 9 N. C. 887; *Sears* v. *Dixon*,
33 Cal. 331, 332; *Montgomery* v. *Spect*, 55 Cal. 357, 358;
*Brandt* v. *Thompson*, 91 Cal. 458; *Moisant* v. *McPhee*, 92 Cal.
76; *Malone* v. *Roy*, 94 Cal. 341.)

*W. S. Tinning*, for Respondent.

In order to convert a deed, absolute on its face, into a mort-
gage, the evidence must be so clear as to leave no doubt that it
was the intention of the parties to execute a deed, and as the
evidence was conflicting, the verdict will not be disturbed.
(*Henley* v. *Hotaling*, 41 Cal. 27; *Hopper* v. *Jones*, 29 Cal. 19;
87 Am. Dec. 46.)

SEARLS, C.—Appeal from a judgment in favor of defend-
ant, and from an order denying a motion for a new trial.

The action was brought to have an absolute deed executed
by plaintiff to defendant October 4, 1886, conveying a lot of
land in the town of Alamo, county of Contra Costa, California,
adjudged to be a mortgage, and to permit the plaintiff to redeem,
and to require the defendant to execute a deed of conveyance to
the plaintiff.

The complaint, in apt language, set out in substance that on
the fourth day of October, 1886, defendant loaned him four
hundred dollars, plaintiff to pay interest thereon at one (1) per
cent per month, and that as security for the payment thereof
to defendant, he, the said plaintiff, executed to defendant a deed
of bargain and sale, absolute in form, but understood and agreed
to be and operate as a mortgage, etc.   The complaint failed to
show when the four hundred dollars averred to have been loaned
fell due, or that it was in fact due and payable.   Defendant de-
murred to the complaint, which demurrer was sustained by the
court with leave to plaintiff to amend, and in due time he filed
an amendment to his complaint.   Defendant answered denying
all the allegations of the complaint, averred ownership of the
conveyed property in himself.   He also filed a cross-complaint
showing ownership of the premises in himself, possession in
plaintiff under a lease, from month to month, a wrongful hold-
ing over, etc., and asked for judgment of restitution, etc.   De-

fendant filed his answer and cross-complaint on the fifth day of August, 1890, and afterward on the 15th of September, 1890, without leave of the court, so far as appears, he served and filed an amended answer and cross-complaint.

Plaintiff moved to strike out these amended pleadings upon the grounds that they were filed without leave of the court, and that they were sham and irrelevant, etc. The motion to strike out was denied by the court, and the ruling is assigned as error.

The cause was tried by the court without the intervention of a jury, and the findings negative the theory of the plaintiff that a loan was made to him by defendant, and the deed given as security therefor, and uphold the position of defendant that the transaction was an absolute sale and conveyance absolute, etc. The first error assigned by appellant is that the court erred in sustaining the demurrer to the complaint. There are two answers to this contention: 1. The court did not err in sustaining the demurrer. The complaint failing to show that the money, averred by plaintiff to have been by him borrowed from the defendant, was due and payable, *non constat* but that the action was prematurely brought. 2. By amending his complaint after demurrer sustained plaintiff waived the error, if any, in the ruling by the court. (*Gale* v. *Tuolumne W. Co.,* 14 Cal. 26.)

The refusal of the court to strike out the amended answer and cross-complaint is assigned as a further error. This assignment of error cannot be considered, for the reason that an order *refusing* to strike out a pleading is not one of the orders or decisions which are deemed to have been excepted to by section 647 of the Code of Civil Procedure, except when made in the absence of the party complaining. The record fails to show either that appellant excepted to the ruling of the court, or that he was absent when it was made. No bill of exceptions was prepared embodying the action of the court in the premises, without which the notice, motion to strike out, and order of the court refusing such motion, did not become a part of the judgment-roll under section 670 of the Code of Civil Procedure. In the statement on motion for new trial no allusion is made to the motion to strike out the amended pleadings or the action of the court thereon. In the assignment of errors by coun-

sel, on his motion for a new trial, and which, according to the recital, were "errors of law duly excepted to," is that "the court erred in denying plaintiff's motion to strike out the defendant's amended answer and cross-complaint in this case filed and served the twelfth day of September, 1890." This, considered as an assignment or specification of error, is sufficient, but it affords no proof that any such action was ever had. It may be likened to an indictment, or information in a criminal case, which fills an important office in the proceeding, but which, in the absence of proof, is impotent to convict. The other specifications of error go to the sufficiency of the evidence to authorize the decision in favor of the defendant.

The evidence was quite full as to the nature of the transaction, and whether it was a loan of money by the defendant and the taking of a deed, absolute on its face, merely as security, or an absolute sale, was one upon which there was a sharp and substantial conflict in the testimony.

The court below found in favor of defendant, and we are not authorized, under such circumstances, in disturbing the findings.

A deed of conveyance absolute on its face is certainly some evidence that the transaction is what it purports to be, viz., a sale. To establish an equity superior to the deed and authorize a determination that the deed was given as security for an existing debt, the testimony, if parol in character, should establish a clear case. (*Hopper* v. *Jones*, 29 Cal. 19; 87 Am. Dec. 146; *Henley* v. *Hotaling*, 41 Cal. 22.)

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.
         GAROUTTE, J., HARRISON, J., McFARLAND, J.

Hearing in Bank denied.