[L. A. No. 4465.  Department Two.—January 30, 1919.]

## JOSEPHINE M. HAMMAN et al., Respondents, v. CHARLES MILNE et al., Appellants.

STATE LANDS—PATENTS—COLLATERAL ATTACK.—In an action to quiet title to lands the plaintiff's title to which was deraigned from patents issued by the state wherein the lands were declared to be nonmineral, the patents cannot be attacked on the ground that the lands at the time of the grants were known to be mineral lands, since such patents can be attacked only on direct proceedings and by proper parties.

QUIETING TITLE—JUDGMENT ON PLEADINGS.—In such action, a judgment on the pleadings in plaintiff's favor was proper, where it was apparent therefrom that the only issue presented was the validity of the patent under which plaintiff deraigned title, and the right to attack such patent is not available in the action.

APPEAL from a judgment of the Superior Court of Orange County.  W. H. Thomas, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Stutsman & Stutsman, for Appellants.

Gibson, Dunn & Crutcher and Wm. A. Barnhill, for Respondents.

LENNON, J.—This is an action to quiet title.  The appeal, based on the judgment-roll alone, is from a judgment on the pleadings in plaintiffs' favor after an order sustaining plaintiffs' demurrer to defendants' amended answer without leave to amend further.  The action involved certain lands in Orange County, plaintiffs' title to which, it was alleged in the second count of the complaint, was deraigned from patents issued by the state of California in 1882 and 1887 to one Shanklin wherein the lands are declared to be nonmineral. Appellants by their answer make no attack on the validity of plaintiffs' title as deraigned from the Shanklin grant.  They sought rather to defeat it by an assault on the validity of the patents themselves, alleging that the lands at the time of the grants were known to be mineral lands within the limits of a mining district and that, therefore, they were not subject to

selection as lieu lands. With the alleged invalidity of the patents as a basis the answer further pleaded a purported defense framed upon the theory that the lands in suit were still open to entry, and that the appellants had acquired a mining title thereto by virtue of an alleged mining location under the mining laws of the United States.

The lower court upon demurrer correctly held defendants' allegations, in the particulars stated, to be unavailing as a defense in that they sought singly and collectively to collaterally attack the patents, and that the patents were not rightfully subject to such an attack, and could be attacked only on direct proceedings and by proper parties. The reasons behind and supporting this view are clearly set forth in the case of *Burke* v. *Southern Pacific R. R. Co.,* 234 U. S. 669, [58 L. Ed. 1527, 34 Sup. Ct. 907, see, also, Rose's U. S. Notes].

Although the sufficiency of the pleaded defense was asserted and attempted to be upheld in the briefs filed upon behalf of appellants, still when the appeal came on for oral argument it was conceded by counsel for appellants that the case of *Burke* v. *Southern Pacific R. R. Co., supra,* which was decided subsequent to the institution of the action and the interposition of the answer, finally foreclosed all doubt and discussion of the correctness of the trial court's ruling upon the demurrer. This being so, there remains for discussion and decision the point which counsel for appellants at the oral argument expressly stated was the only one which could be urged in support of the appeal, viz., "that the court erred in sustaining the motion for judgment upon the pleadings." In this behalf appellants contend that a material issue was raised by their answer to the first count of the plaintiffs' complaint which precluded a judgment on the pleadings. This contention is rested upon the assumption that such answer unqualifiedly denied the allegation of the first count of the plaintiffs' complaint which, in the formula usual in actions to quiet title, averred that the plaintiffs for a long time prior to and at the time of the commencement of the action, through a common source of title, were the owners of and collectively in the possession of the entire tract of land in suit. Respondents, on the other hand, insist, and we think correctly, that the effect of the defendants' general denial of the plaintiffs' allegations of ownership and possession as set forth in the answer to the first count of the complaint was nullified by the fact that sub-

sequent averments of the defendants' answer to the first count of the plaintiffs' complaint admits the plaintiffs' ownership of and title to the land in suit. In this behalf it will be noted that the plaintiffs' chain of title was specifically pleaded in the second count of the complaint, which chain of title commenced with the sovereign source of the title and ran to and rested in the plaintiffs' at the time of the commencement of the action. It is affirmatively alleged, however, in each answer to the two counts of the complaint, that the selection of the land in question by the state of California as lieu lands, and the issuance of a patent therefor, was void for the reason that the land was mineral land and known to be such by the state and government officials making and consenting to such selection. Upon this hypothesis it was further alleged in the answer to the first count of the complaint that the patent in question was void. Defendants further set up the fact in the same answer that they had located the land in question as mineral land and were proceeding with development work with a view to discovering petroleum upon the premises in question. It is true that in the answer to the first count of the complaint there is a specific denial of plaintiffs' ownership, but this denial is accompanied in the same answer by admissions and allegations which make it plain that if the patent in question is valid, plaintiffs are the owners of the property in question. Without attempting to analyze in detail the various allegations and admissions, express and implied, in the answer, we may take as a fair construction of that answer a statement by appellants in their opening brief as follows: "A careful reading of the amended answer interposed by the defendants will disclose . . . that this is not an effort to defeat a grant covered by patent because of conditions subsequently arising. Under the issues presented by the pleadings, defendants offered to show that the patents themselves were void, not voidable. . . . It will appear from a reading of the amended answer that the claim of the defendants rests upon the theory that the land involved is now and always has been public mineral land of the United States and was not *within* the limits of the grant by Congress of the United States to the state of California." Taking, as we do, appellants' statement of the substance and effect of their answer to be correct, it is clear that if they are not in any event in a position to attack the patent upon which plaintiffs'

title was based, their answer is without merit and presents no issue. A fair analysis of the two counts of the complaint, and their respective answers, leads solely to the conclusion that the only issue attempted to be raised between the parties by the answer concerned merely the validity of the basic patents upon which plaintiffs' title rested, and inasmuch as this was not an issuable fact there was nothing for the court to try, and, therefore, judgment on the pleadings was not only warranted but proper. In other words, considering the admitted fact that the defendants cannot attack the validity of the patents in question and that their allegations of invalidity must be disregarded, we have the defendants in their answer to the first count admitting the issuance of a patent to public lands which they must concede for the purposes of this case to be valid and which, therefore, as a matter of law, vested title in the patentee, and a conveyance of the right of the patentee to the plaintiffs, which would make them the owners of the land in question. The answer to the second count is merely a restatement by reference of the facts stated in the answer to the first count, and is, therefore, a new and express admission of the issuance of the patent and the acquisition of the rights of the patentee by mesne conveyances by the plaintiffs. It is therefore apparent that the only issue between the parties presented by the pleadings was the validity of the patent which it is conceded defendants cannot successfully raise and avail themselves of in this action.

The judgment is affirmed.

Wilbur, J., and Melvin, J., concurred.