[Civ. No. 2724.   First Appellate District, Division Two.—March 25,
1919.]

## GLENNIE DAVIES, Respondent, v. LUCIE C. RAMSDELL et al., Appellants.

[1] PLEADING — MOTION TO STRIKE OUT — EXCEPTION TO ORDER—AP-
PEAL.—An order refusing to strike out a pleading, or a portion
thereof, is not an order deemed excepted to under section 647 of
the Code of Civil Procedure, therefore, in order that the objection
may be urged on appeal, an exception must be taken at the time
the decision is made.

[2] DEED OF TRUST — SALE — PURCHASE BY CREDITOR — PAYMENT.—
Where property is sold for the purpose of satisfying the indebted-
ness secured by it, and the property is struck off and sold to the
owner and holder of said indebtedness for the amount of the debt,
it is not necessary that the property should be actually paid for in

gold coin. The consideration for the property is the satisfaction of the indebtedness.

[3] ID.—VOID SALE — SECOND SALE — AUTHORITY — ESTOPPEL.—Where in an action in ejectment it was stipulated that the deed under which plaintiff claimed title, which was executed by the trustee following a sale under a deed of trust, was a nullity, and thereupon judgment was entered accordingly, and thereafter the property was again sold to such plaintiff and a second deed issued to her, the trustor will be estopped from asserting in a suit to quiet title following such second sale that the trustee had no power to make such second sale.

[4] QUIETING TITLE—PLEADING—DERAIGNMENT OF TITLE—OWNERSHIP —CONCLUSION OF LAW.—Where the plaintiff in an action to quiet title pleads the specific and detailed facts of her ownership and right of possession to the property in controversy and her special equities growing out of the relations of the parties, the further allegation that "by the proceedings hereinabove mentioned the plaintiff has become, and by such proceedings she now is, the owner of said real property and of the whole thereof," is but a conclusion of law, the denial of which in the answer will raise no issue.

[5] ID.—INSUFFICIENT ANSWER—JUDGMENT ON PLEADINGS.—Where in such action the only denial was of the conclusion of law that the plaintiff was "the owner of said property and the whole thereof," the court properly granted plaintiff's motion for judgment on the pleadings.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. D. Dethlefsen and Peck, Bunker & Cole for Appellants.

Ralph R. Eltse and George Clark for Respondent.

LANGDON, P. J.—This is an appeal from a judgment for plaintiff in a suit to quiet title to certain real property in the county of Alameda. Defendant filed a motion to strike out parts of the complaint, which motion was denied; also a demurrer to the complaint, which was overruled; defendant then answered and judgment was given for the plaintiff upon a motion for judgment on the pleadings.

Instead of filing the ordinary short form of complaint to quiet title, plaintiff set up in the complaint in detail that the defendant executed a note and trust deed to evidence and se-

cure a loan of five thousand dollars made by the plaintiff to the defendant; that the defendant had defaulted in payments and the trustee had sold the property to satisfy the debt; that the sale was postponed under an arrangement between the plaintiff and defendant, and a dispute arose as to this arrangement; that it was claimed by the defendant that proper notice of the sale had not been given. It was further alleged that the plaintiff had sued the defendant in another action in which these facts were involved, and which was terminated by a judgment entered upon a stipulation that the trustee's deed be set aside, and that immediately after the entry of such judgment, the plaintiff requested the trustee to again advertise the property for sale, because of the default of the defendant, and after notice, the property was again sold to the plaintiff, and a second deed from the trustee made to her. It was also alleged in the complaint that the defendant disputes the ownership of the plaintiff and claims that she is entitled to hold the property and to refuse to pay the indebtedness; that these claims are made in bad faith and fraudulently for the sole purpose of harassing and annoying the plaintiff and exacting from the plaintiff a sum of money to get rid of such claims; that the defendant is insolvent and retains possession of the premises; that the defendant has failed to pay taxes and street assessments; that the rental value of the property is fifty dollars per month, and that a receiver should be appointed. Plaintiff prayed for a judgment that the defendant is estopped and barred by the judgment set up in the complaint; that the plaintiff is the owner of the real property; that defendant has no interest in the same; that defendant be enjoined from asserting any claim thereto, and that the plaintiff be awarded possession; and that, pending a final judgment, a receiver should be appointed.

In the answer, the defendant claimed to be the owner of the property in possession, and entitled to the possession. Defendant alleged that she made the note and trust deed; that for the purpose of defrauding her, the plaintiff entered into a conspiracy with the Berkeley Bank of Savings and Trust Company, named as trustee in the deed of trust, in pursuance of which the trustee sold the property to the plaintiff and executed a deed therefor, but that plaintiff paid no money to the trustee in support of her bid; that the plaintiff commenced the action and the defendant answered and

cross-complained, as stated in the complaint; that the judg-
ment was entered thereon (the judgment being set up in the
answer) ; that the value of the property is upward of ten
thousand dollars; that the defendant is not insolvent; that
the defendant had declared a homestead on the property; that
in pursuance of the alleged conspiracy, the second sale by the
trustee took place and the property was sold to the plaintiff
for $5,749.71; that the defendant had demanded the sur-
render of the canceled note, which had been refused; that
the trustee knew that the plaintiff was the only person who
could bid at the sale, because of the then condition of the
title, the trustee having been so advised by the defendant;
that the second trust deed was made in pursuance of the al-
leged conspiracy; that the trustee had no power to sell, and
denies plaintiff's allegation that she is the owner of the prop-
erty.

The motion to strike out was directed to all of the recitals
of the complaint claimed by the defendant to be a mere de-
raignment of title. The refusal to grant this motion is as-
signed by the appellant here as error. It does not appear
from the transcript that exception was taken to the ruling
refusing to strike out. It will be presumed that counsel
acquiesced in the ruling and the objection cannot be urged on
appeal. "An exception must be taken at the time the de-
cision is made" (Code Civ. Proc., sec. 646) in all cases
except those specified in section 647 of the Code of Civil
Procedure. [1] An order refusing to strike out a pleading,
or a portion thereof, is not an order deemed excepted to under
section 647 of the Code of Civil Procedure. (*Ganceart*
v. *Henry,* 98 Cal. 281, 283, [33 Pac. 92].)

The second objection of appellant is that the court erred in
overruling the defendant's demurrer to the complaint. It is
urged that the complaint is defective in not showing that an
amount of money equal to that bid by the creditor at the sale
was actually paid to the trustee, and that the trustee had di-
vested itself of title by the first sale, and, therefore, had no
power to make a second sale. In regard to the first objection,
it appears from the complaint that the property was sold for
the purpose of satisfying the indebtedness secured by it and
that the property was "struck off and sold" to the owner
and holder of said indebtedness "for said sum." [2] The
consideration for the property was the satisfaction of the in-

debtedness, and it was not necessary that the plaintiff should actually pay for the property in gold coin. As to the second objection, it will be necessary for us to consider for a moment the judgment in the ejectment suit between the same parties, which judgment is set out in the complaint herein. It is admitted on this appeal, that in the ejectment suit, the plaintiff there, who is also the plaintiff and respondent here, relied upon the first trustee's deed and defendant denied the efficacy of that deed to pass title; whereupon the parties stipulated that the first trustee's deed was a nullity, and, upon the stipulation, judgment was entered as between those parties to that effect. Upon the present suit to quiet title the plaintiff relies upon a second trustee's deed, and the defendant says, notwithstanding the former judgment, no title passed under the second deed, because the original trustee conveyed title under the first deed, and in support of this position argues two points: (1) That despite the prior judgment that the deed was a nullity, as a matter of fact it conveyed legal title to the grantee named; and (2) the sale by the original trustee deprived the defendant of the benefit of competition of buyers, because nobody other than the holder of the legal title could buy without buying a lawsuit. This second contention may be disposed of very briefly, as it is without merit, for the reason that the judgment was as much a part of the chain of title as was the deed to the plaintiff, and any buyer would be presumed to know that in no action could the plaintiff in that case set up title of any character in herself by virtue of the first deed.

[3] A consideration of defendant's first objection convinces us that it, also, is without merit. Defendant contends that in the second suit (the present suit) she is not estopped by the consent adjudication in the first suit that the original deed was a nullity, because the original trustee was not a party to the suit and the deed was not in fact a nullity, but conveyed legal title to the plaintiff, which under the case of *Seccombe* v. *Roe,* 22 Cal. App. 139, [133 Pac. 507], placed her in a position of a substituted trustee for the original trustee.

When the stipulation was made and the judgment entered, the plaintiff, under the defendant's theory, combined in herself the two relations of trustee and beneficiary of the trust under the trust deed. She agreed with the defendant for the defendant's benefit, that the trust deed was a nullity for all purposes. The original trustee accepted the result of this

stipulation by executing at her request the second trust deed.
Having had the benefit of one result of the stipulation in the
first suit, the defendant must bear the burden of the other
results of the stipulation, and in a suit between the same par-
ties cannot be heard to say that the deed was effective for any
purpose—contrary to the stipulation and judgment between
the parties—and this regardless of any legal effect that the
instrument may have had as between other parties. (*Himmel-
mann* v. *Sullivan,* 40 Cal. 125.) The very basis of estoppel
is that regardless of the real fact, the parties have placed
themselves in a position where they will not be heard to assert
any state of facts whether true or false in contravention of
their agreement. This is as true as to estoppels of record as
to estoppels *in pais.* (*Love* v. *Waltz,* 7 Cal. 250.)

A very similar question arose in the case of *Jackson*
v. *Lodge,* 36 Cal. 38. That was an action to recover a piece
of land, title to which was, in 1860, in one Turman under a
deed absolute on its face, and which Turman subsequently
conveyed to Lodge, the defendant, and after which he again
conveyed to one Jackson. Jackson was the plaintiff and
Lodge the defendant. It appeared that Jackson, Turman, and
another, prior to the conveyance to Lodge, had borrowed
money from him. Upon default, Lodge brought suit against
Jackson and his comakers, Turman and the other. Turman
allowed the judgment to go by default. Jackson and the
other answered, setting forth that they executed the note for
accommodation, and that shortly after the execution of the
note, Turman, for the purpose of paying it, had conveyed the
land to Lodge. Lodge denied the deed to him was made in
satisfaction of the note. It was thereafter found that the
deed was absolute and not a mortgage. Jackson, having
succeeded in his defense against the note on the sole ground
that the deed from Turman to Lodge was a conveyance of
land in satisfaction of the note, then sought in the second
suit to recover the same land under his subsequent deed on
the sole ground that the conveyance was not absolute in satis-
faction of the note, but a mortgage to secure it. It was urged
that Turman, who had defaulted in the original suit, would
not have been estopped by that judgment. The court said,
in language directly applicable to this case: "The question
now is not what title Jackson took by the conveyance, but
whether he is concluded by the prior adjudication of the

same matter in which he and Lodge were parties, in which he was directly interested in determining the character of the conveyance, and in which it was found and adjudicated in his favor that his grantor had already conveyed the land to Lodge. The benefits of that adjudication he has fully enjoyed. For he has taken a title which, however good it may be, he has once litigated and had adjudicated and thereby estopped himself from further litigation. He did it with full knowledge of the facts and he cannot complain. At all events he is concluded."

It has been held in the case of *Donner* v. *Palmer,* 51 Cal. 629, that if the parties to an action in ejectment agree to facts which are based on the presumption that at a certain time a title was in a third person and the court decide on the facts, neither party can afterward be heard to assert, for the purpose of avoiding the effect of the judgment, that such third person had no title. We think this case answers the contention of appellant that the trustee had no power to convey at the time it executed the second deed to the plaintiff.

[4] The third objection of appellant is that the court erred in granting the motion of plaintiff for judgment on the pleadings. The appellant's position, in effect, is that even though the affirmative allegations of the answer should be held to constitute an estoppel, an issue was raised as to the ownership of the plaintiff by a denial of such ownership in the answer. As we have heretofore remarked, the complaint in this case did not contain the ordinary recitals of a complaint to quiet title. The plaintiff pleaded the specific and detailed facts of her ownership and right of possession to the real property in controversy and her special equities, growing out of the relations of the parties, the sale by the trustee, the stipulation and prior judgment between the parties, and the second sale to the plaintiff—and then she alleged that she had not voluntarily or involuntarily parted with any interest acquired by her, and that "by the proceedings hereinbefore mentioned the plaintiff has become, and by such proceedings she now is, the owner of the said real property and of the whole thereof." We think that under the special allegations of the complaint in this case this allegation of ownership is but a conclusion of law arising from the facts previously alleged and the denial of this conclusion in the answer raised no issue. While it is true that, in general, an allegation that a party is the owner

of real property is an allegation of an ultimate fact, and not of a conclusion of law, and there are a number of cases in this state so holding, yet it has been held also that the same averment may be a statement of fact or a conclusion of law, according to the context. (*Heeser* v. *Miller,* 77 Cal. 192, [19 Pac. 375]; *Levins* v. *Rovegno,* 71 Cal. 273, [12 Pac. 161]; *Turner* v. *White,* 73 Cal. 300, [14 Pac. 794].) In the present case, the complaint does not contain an allegation of unqualified ownership, but only an allegation of the consequences resulting from the transactions set forth in the complaint. The allegation is that "by the proceedings hereinbefore mentioned . . . the plaintiff is the owner . . . " etc. This is a legal conclusion, and its denial raises no issue. Furthermore, the denial by the defendant of this conclusion of law was a denial inconsistent with the facts admitted in the answer. It was in effect also a conclusion of law from the facts set out by the defendant, and it was, under our conclusions here, an erroneous conclusion therefrom. [5] Under such circumstances it cannot avail to prevent a judgment on the pleadings. (*Drew* v. *Pedlar,* 87 Cal. 444, [22 Am. St. Rep. 257, 25 Pac. 749].)

In addition to the cases above referred to, the case of *Hamman* v. *Milne,* 179 Cal. 634, [178 Pac. 523], holds that where in a suit to quiet title, the defendants were precluded from attacking the validity of certain patents upon which the plaintiff relied, judgment on the pleadings is proper.

Under the pleadings in this case, we are of the opinion that judgment on the pleadings was proper.

The judgment is affirmed.

Haven, J., and Brittain, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 23, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 22, 1919.

All the Justices concurred.