87 221<br>95 575

---

[No. 13973.   Department Two. — December 20, 1890.]

# A. E. D. SCOTT, RESPONDENT, *v.* G. R. G. GLENN, APPELLANT.

MONEY HAD AND RECEIVED — CONTRACT OF SALE — PAYMENT OF PURCHASE-MONEY — NONSUIT. — In an action for money had and received, a nonsuit should be granted where the plaintiff's evidence merely shows that the money was paid as part of the purchase price of land under a contract which provided that the money was paid upon the express condition that it was not to be returned, but was to be forfeited unless further payments of the purchase price were made within a definite period.

ID. — VENDOR AND PURCHASER — CONTRACT OF SALE — AGENCY — RATIFICATION — ESTOPPEL — RESCISSION BY PURCHASER. — Where one of the vendors named in the contract of sale signed his own name and that of the other vendor, whose agent he was, and the other vendor ratified the signature, and joined in demanding the purchase-money and in tendering a deed of the land, in compliance with the contract, the latter is estopped from defending against the contract, and the purchaser cannot plead the agent's want of authority as a ground for repudiating the contract and recovering back the purchase money paid.

ID. — EXECUTED CONTRACT — RECOVERY OF PURCHASE-MONEY PAID. — An attempt to recover part of the purchase-money paid under the contract of sale is an attempt to undermine an executed contract, and the purchaser cannot invoke, in favor of such action, principles which apply to actions for the enforcement of executory contracts.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Meux & Edwards,* and *Thompson & King,* for Appellant.

*T. P. Ryan,* for Respondent.

McFARLAND, J.—This is an appeal by defendant from a judgment against him for six hundred dollars, and from an order denying a new trial.

The complaint merely avers that on April 4, 1888, defendant was indebted to plaintiff and certain other named persons in the sum of six hundred dollars for money had and received for the use and benefit of said persons; that the others assigned said indebtedness to plaintiff; and that no part of the same has been paid. The answer specifically denies all the averments of the complaint. There is also a cross-complaint, in which defendant avers that on said April 4, 1888, he and one Meux, being the owners of certain described lots of land, contracted, in writing, with plaintiff and certain other persons to sell them the said lands for one thousand eight hundred dollars,—six hundred dollars in cash, and the balance in two equal payments in six and twelve months; that the six hundred dollars sued for was the first cash payment on said contract; that plaintiff and said other persons went into possession of the land under said contract; that when the other payments became due, defendant and said Meux demanded payment, and tendered a good and sufficient deed of conveyance of said land, but that plaintiff and said other persons refused to pay or to accept the deed, and that said Meux assigned all his right to defendant. The prayer of the cross-complaint is, that he recover judgment against plaintiff and said other parties for said deferred payments, and for the enforcement of a lien on said land. The answer of the plaintiff, Scott, and others, to the cross-complaint, first denies, in terms, that there was any such contract in writing; but it admits that there was such a verbal contract, that the six hundred dollars

was paid thereon, and that "then and there" the said Glenn and Meux executed, in writing, a receipt and memorandum of said contract, in words and figures as follows: —

"Received of Scott, Cutten [and others named], six hundred dollars, one third of purchase price of lots Nos. [describing the lots], leaving a balance of twelve hundred dollars, in gold coin, due on said purchase, which, by the terms of this sale, is to be paid in two equal payments, together with interest at the rate of ten per cent per annum on the whole of said unpaid purchase price, at the maturity of each installment, till paid in like coin, within six and twelve months from date hereof. If paid as above stated, the above-named Scott, Cutten . . . . will be entitled to a deed of the above-described lots; otherwise this agreement becomes void, and all payments made hereon shall be forfeited.

"(Signed)      J. T. MEUX and G. R. G. GLENN."

The answer denies that they went into possession. It does not contain any sufficient denial of the tender of a deed, as averred in the cross-complaint. Neither does it aver that Glenn and Meux had no title, or could not make a valid conveyance of the lots; the only averment on that subject being that "at no time have the said Meux and Glenn shown to defendants, or either of them, that they, the said Meux and Glenn, had good title to said lots." In an amendment to the answer, they aver that Meux did not actually sign the above memorandum, but that Glenn signed his own name, and also that of Meux, without written authority from the latter to do so.

The only findings of fact are: 1. "That all the allegations and averments of the plaintiff's complaint are true, and the allegations and denials of the defendant's answer are untrue"; and 2. That the contract mentioned in the cross-complaint, "if any such was made," was not reduced to writing *and* signed by the defendants to said cross-

complaint, or by either of them, and that they did not take possession of the land.

Waiving the question as to what right the defendant may have for affirmative relief, we cannot see how the first finding is justified by the evidence, or upon what theory the judgment in favor of plaintiff for the six hundred dollars can be maintained. The evidence shows that the money was paid in accordance with the written instrument set forth in full in the answer to the cross-complaint. Indeed, the only evidence introduced by plaintiff at the trial was that instrument, and proof by a witness that the six hundred dollars was paid " under and by virtue of that paper." He then rested, and defendant made a motion for a nonsuit, which was denied. Meux then testified, for defendant, that while he did not sign his name to the instrument, it was signed by his agent, and that he ratified it, and joined afterwards in executing and tendering a deed in compliance with it. Defendant's evidence also showed that Meux and Glenn owned the land and could have given a perfect title; that plaintiff and his assignors made no objection to the title, or to the contract, when the deferred payments became due, but merely asked further time in which to pay, and were granted such time, until finally they concluded to repudiate the entire contract. How can it be said, therefore, that " all the allegations and averments of the plaintiff's complaint are true "? — that is, that " on the fourth day of April, 1888, said defendant was indebted to plaintiff and his assignors in the sum of six hundred dollars, gold coin of the United States, for money had and received by said defendant, upon said 4th of April, 1888, for the use and benefit and on account of said plaintiff and his assignors?" The plaintiff introduces in evidence a certain written instrument which he is shown to have received and accepted, and proves that the money sued for was paid under and by virtue of that paper. But that instrument

shows that plaintiff paid the money, upon the express understanding and condition that it was not to be returned to him; that it was money "had and received by defendant, for the use and benefit of" Meux and Glenn, and not for the use and benefit of plaintiff or his assignors. There was no necessity for the vendees to sign the written memorandum. (*Vassault* v. *Edwards*, 43 Cal. 458.) Moreover, they did sign it, by indorsing on it an assignment to plaintiff. The court does not find whether or not Meux signed the contract or was a party to it; but the evidence clearly shows that he ratified it as soon as his co-vendor informed him of it, and soon afterwards, when he came to Fresno, " again ratified the sale between the parties, *and talked with the purchasers about it.*" Again, when the deferred payments became due, he asked the vendees for the money; and they, making no objection of any kind, simply asked for some delay until they could make arrangements to pay. They proposed at one time to give a mortgage, and then concluded not to do so. And finally, Meux united with Glenn in executing and tendering a deed. This was a complete ratification; and he would have been estopped from making a defense for himself which plaintiff seeks to suggest for him. Moreover, so far as plaintiff's alleged cause of action for the six hundred dollars paid by him is concerned, he is endeavoring to undermine an executed contract; while the principle which he invokes applies to actions for the enforcement of executory contracts. We see no grounds upon which the judgment in his favor can rest. The nonsuit should have been granted.

It is not necessary to discuss the defendant's claim for affirmative relief; for the findings on that subject are clearly insufficient.

The judgment and order are reversed, and the cause remanded for a new trial.

Thornton, J., and Sharpstein, J., concurred.

Hearing in Bank denied.