[Civ. No. 6588.   First Appellate District, Division Two.—March 26, 1929.]

W. L. ATKINSON, Respondent, v. F. H. BOYNTON, Appellant.

Bohnett, Hill & Campbell for Appellant.

J. M. Atkinson for Respondent.

BURROUGHS, J., *pro tem.*—This is an action by W. L. Atkinson, doing business under the fictitious name and style of W. L. Atkinson & Company, as plaintiff, against F. H. Boynton, as defendant, to have a trust declared in favor of the plaintiff in a certain promissory note and deed of trust, to the extent of $5,000. Said note and deed of trust standing in the name of said defendant.

In so far as it is material on this appeal, the complaint alleges that on or about the twelfth day of January, 1925, D. H. and Rebecca I. Arakelian made, executed and delivered to the defendant an interest-bearing promissory note in the sum of $45,000 and, as security for the payment thereof, executed a deed of trust in favor of the defendant covering certain lands situated in the county of Santa Clara.

It is further alleged that $40,000 of the consideration for said note was furnished by the defendant and the remaining $5,000 by the plaintiff; that ever since the execution of said note and deed of trust the defendant has held and still holds the same in trust for the plaintiff to the extent of $5,000, with the accrued interest upon said last-named amount, but that the defendant refuses to acknowledge plaintiff's interest therein and claims to be the sole owner and holder of said note and deed of trust and of all sums of money due or to become due thereon. By a supplemental complaint it is alleged that since the commencement of this action the promissory note has been paid in full and $5,000 and interest on said sum has been deposited in escrow to satisfy any judgment rendered in this action.

The answer of the defendant denies that plaintiff has any interest in said note or deed of trust or the money due thereon, denies that defendant holds the same in trust for plaintiff and admits that he claims to be the sole owner thereof and entitled to all sums of money represented thereby.

The court rendered judgment for the plaintiff and the defendant appeals.

During the progress of the trial of the action the plaintiff offered, and, over the objection of the defendant, the court admitted, parol evidence that the plaintiff acted as a real estate broker in negotiating an exchange of lands between the defendant and the Arakelians. That in the transaction the defendant took the note above referred to and the deed of trust on the land the defendant was transferring to the Arakelians to secure the payment of said note. That plaintiff's commission in the transaction amounted to the sum of $3,000 from each one of the parties. That to finance the deal it was necessary that the Arakelians raise the sum of $45,000. As they were unable to do so, and to carry the exchange through, the defendant assumed a mortgage of $25,000 on the property which he was obtaining from the Arakelians and further advanced them the sum of $17,000. That of the latter amount $2,000 were commissions due from the defendant to the plaintiff and the balance of $3,000 was the commission due from the Arakelians to the plaintiff. The defendant paid plaintiff the balance of $1,000 due as commissions in cash.

Appellant claims that the court committed prejudicial error in allowing the plaintiff to introduce oral evidence of his commission on the exchange agreement. He cites in support thereof section 1973 of the Code of Civil Procedure to the effect that an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or commission is invalid, unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or by his agent, and that evidence thereof cannot be received without the writing or secondary evidence of its contents. There can be no question that if this action was for the recovery of a commission due the plaintiff for the sale of real estate the objection would be sound. (*McGeary* v. *Satchwell*, 129 Cal. 389 [62 Pac. 58].) But this is not such an action. It is one to have the defendant declared a trustee of an interest alleged to be owned in a certain promissory note and trust deed standing in the name of the defendant. While it is true that the consideration for plaintiff's alleged interest in said note was a broker's commission on a sale of real estate, the contract of sale having been fully executed and the broker's commissions merged in the note which is the subject of this action, it was unnecessary to produce a written contract under subdivision 6 of section 1973 of the Code of Civil Procedure. In 12 Cal. Jur. 926 it is said: "A fully executed parol contract cannot be affected by the statute of frauds and cannot be assailed by either party or by third persons, on the ground that it is not in writing. . . . " The same principle is enunciated in *Scott* v. *Glenn*, 87 Cal. 221 [25 Pac. 405]. In the instant case three thousand of the five thousand dollars interest in the promissory note were commissions owed by the Arakelians to the plaintiff and having been included in the note it was a completed transaction. The remaining two thousand dollars were commissions owed by the defendant to plaintiff and having been advanced by defendant to the Arakelians to enable them to close the deal, and being included in the promissory note, also constituted an executed parol contract. The point urged is without merit.

The next point urged for a reversal of the judgment is that the court erred in excluding certain evidence offered by the defendant. We are of the opinion that the point is well taken and the ruling of the court constituted

prejudicial error. The plaintiff, in support of his case, offered parol evidence that the consideration for the note was $10,000 furnished by the defendant and $5,000 furnished by plaintiff. That the latter sum was made up of his commissions earned on the exchange of lands by defendant and Arakelian. As against this line of testimony defendant endeavored to introduce evidence that as a part of the duties of plaintiff in the exchange the latter was to obtain a loan of $45,000 to finance the deal. Failing to obtain said loan plaintiff and defendant made a new contract by the terms of which defendant furnished the sum of $42,000 and paid the plaintiff the sum of $1,000 for his services as a broker under the exchange agreement. The note and deed of trust under said new contract was taken for the sum of $45,000 and plaintiff was to have one year from the date thereof in which to sell said note and deed of trust, and if he failed to sell within said time his interest in the note and mortgage ceased, but if he succeeded in making said sale then the defendant was to receive the sum of $40,000 thereof and the plaintiff the balance. Defendant also offered to prove that the plaintiff had failed to sell within the time limited. We are of the opinion that the court having permitted the plaintiff to introduce evidence of his version of the agreement defendant was entitled to rebut such evidence by a counter-showing. We think that sections 1850, 1854 and 1860 of the Code of Civil Procedure warrant this conclusion.

It is claimed by respondent that the foregoing is new matter and to be available to the defendant should have been specially pleaded, but we think this claim is answered by the case of *Mott* v. *Minor*, 11 Cal. App. 774 [106 Pac. 244], where it is held that under a specific denial the defendant could prove that a cause of action never did exist in favor of the plaintiff.

It is further claimed that the judgment is not sustained by the findings. As the judgment must be set aside it is unnecessary to pass upon this question.

The judgment is reversed and the cause remanded for a new trial.

Sturtevant, J., and Koford, P. J., concurred.