[Civ. No. 7359. First Appellate District, Division One.—January 16,. 1931.]

W. L. ATKINSON, Respondent, v. F. H. BOYNTON, Appellant.

Bohnett, Hill & Campbell and L. H. Schellbach for Appellant.

J. M. Atkinson for Respondent.

TYLER, P. J.—This action was one originally brought by plaintiff, a licensed real estate broker, against defendant to have a trust declared in his favor in a certain promissory note and deed of trust to the extent of $5,000, said note and deed of trust being in the name of defendant.

Before the case came to trial the note and deed of trust ceased to exist by reason of its payment by the maker before maturity. The fact of payment was set forth in an amended and supplemental complaint and a money judgment was prayed for. Judgment went for plaintiff. An appeal was taken from such judgment, which was reversed by reason of a certain error in the rejection of evidence. (*Atkinson* v. *Boynton,* 97 Cal. App. 759 [276 Pac. 356].) The facts leading up to the controversy may be summarized as follows: Appellant and one Arkelian entered into a written agreement through the agency of plaintiff and respondent to exchange certain real property belonging to them respectively. The property was to be exchanged without lien or encumbrance upon either parcel. Respondent was employed as agent of both parties and specially undertook as a condition precedent to his right to a commission, to negotiate a loan for Arkelian on one of the parcels to be conveyed, said loan being necessary to provide Arkelian with funds to clear the property he was to convey to appellant and without which loan the exchange could not be accomplished under the terms of the written agreement. The agreement provided that each of the parties to the exchange should pay to respondent a commission of five per cent. The different parcels were each valued in the sum of $100,000. It subsequently developed that the transaction could not be carried out in all respects upon the terms provided for in the written agreement for the reason that Arkelian could not procure a loan. After negotiations between the parties, the contract was changed by oral agreement, the essential modification so far as the issues involved being that plaintiff agreed to accept a commission of $3,000 from each of the parties and further agreed that instead of receiving payment at the time the transaction was closed, he would accept $1,000 cash as part of the

sum due from Boynton, the balance of $2,000 and the $3,000 due from Arkelian to be included in a note to be executed by Arkelian to Boynton, which plaintiff agreed to attempt to negotiate. Boynton then agreed to assume a mortgage of $25,000 on the property which he was obtaining from Arkelian and he further agreed to advance to Arkelian the sum of $17,000. Included in this latter amount was the balance of commission due plaintiff from Boynton and the balance of $3,000 commission, due from Arkelian. ■ The present trial was had by jury and the main question presented was whether or not the parol modification of the written agreement provided that plaintiff's commissions were dependent upon his selling the note received by Boynton from Arkelian within a limited period. It was defendant's contention at the trial that plaintiff had agreed that he was to receive no commission other than the sum of $1,000 paid to him by Boynton unless he sold the note and deed of trust executed by Arkelian within a year after the transaction took place. Plaintiff, on the other hand, while admitting that defendant had prepared a written agreement to that effect, positively denied that he had agreed to any such arrangement. He testified that he refused to sign the same; he also testified that after such refusal on his part defendant had definitely agreed that there should be no limitation as to time, and promised to execute an agreement to that effect which he failed to do. It further appeared in evidence that plaintiff did within a year of the closing of the transaction present a buyer who was ready, willing and able to purchase the note, but defendant refused to have any dealings with him and informed plaintiff that he had no interest in the note. There is, therefore, ample evidence in the record to support the conclusion that plaintiff earned his commission pursuant to an orally executed modification of the written agreement. ■ Something is said in the brief of appellant concerning the sufficiency of the oral agreement under the provisions of the statute of frauds. (Code Civ. Proc., sec. 1973.) A fully executed parol contract cannot be affected by the statute of frauds, and cannot be assailed by either party on the ground that it is not in writing. This same point was passed upon on the former appeal—*Atkinson* v. *Boynton, supra.* See, also, *Moore* v. *Borgfeldt,* 96 Cal. App. 306 [273

Pac. 1114]. Appellant next complains of the action of the court in permitting the amendment of the complaint. He further contends that the trial judge was guilty of misconduct in commenting upon the weight of the evidence and uttering prejudicial remarks during the course of the trial. We have considered these objections and they are without merit. Moreover, no assignment of misconduct was made with respect to anything that was done or said by the trial judge. Objections of this character cannot be made for the first time on appeal. And finally, complaint is made concerning the instructions given by the court to the jury. We have examined the instructions and we find no merit in this objection.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 14, 1931.