[Civ. No. 266.    Second Appellate District.—October 16, 1906.]

## LUISA A. GREGG, Appellant, v. SAMUEL D. CAREY et al., Respondents.

VENDOR AND PURCHASER—CONTRACT OF SALE—AGENCY—RATIFICATION—ESTOPPEL.—Although an agent signing in his own name a contract for the sale of real estate was not authorized in writing by the owner of the equitable title to sign it, yet where such owner was consulted and stated that such agent was authorized to sell the lot, such statement was a ratification of the agency by such equitable owner of such a character as to estop him from denying it.

ID.—SPECIFIC PERFORMANCE—OFFER OF DEED NOT COMPLYING WITH CONTRACT—DAMAGES—AMOUNT OF DEPOSIT—TENDER.—Where the agent and equitable owner tendered a deed from the holder of the legal title, which accorded with the contract of sale to the equitable owner, but not with the contract of sale to plaintiff, who refused the deed, it appearing that full specific performance cannot be enforced against the agent and equitable and legal owner, the plaintiff is entitled to damages in the amount of the deposit made on the contract, as against the agent and equitable owner, and where such deposit was tendered before suit, the recovery will be limited, as against them to the sum deposited, without interest.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

T. R. Archer, for Appellant.

John W. Kemp, for Respondents.

SMITH, J.—Appeal from a judgment for the defendants, and from an order denying the plaintiff's motion for a new

trial.   The suit is brought for specific performance of a con-
tract for the sale of real estate alleged to have been made by
the defendants, or for damages, in case performance cannot
be had.

The contract sued on is signed by the defendant Lewis only;
but it is alleged that he was authorized in writing by the
other defendants to sign it on their behalf.  It is in the
words and figures following:

"Los Angeles, Cal., Feb. 11-05.

"Received from Luisa A. Gregg the sum of fifty dollars,
being a deposit on lot one in blk. 28 Crenshaw's Arlington
Hts. tract $1000 cash with unlimited certificate of title and
all street work in front of said lot to be done and paid for by
first party within one year.   The first party also agrees to
conduct an adequate supply of water to said lot within a
year.

"The first party also agrees to lay a temporary pipe to
said lot conducting an adequate supply of water for domestic
purposes within one week from completion of sale.

"First party agrees to furnish above title and deed to said
lot within ten days from date hereof.

"FLOYD F. LEWIS."

At the time of the making of this document the legal title
to the land was vested in Crenshaw and the equitable title in
Carey, under a contract of sale subject to certain building
restrictions and other conditions; and it is found that Lewis
was not authorized in writing, or otherwise, by the other de-
fendants to execute the instrument sued on.   It appears from
the evidence, however, that upon application to Carey by the
plaintiff's attorney on her behalf, he was informed by Carey
that Lewis was authorized by him to sell the lot, and the at-
torney was directed "to see defendant Lewis in the matter."
This, it is claimed by the appellant, under authorities cited,
was a ratification of Lewis' agency by Carey of such a char-
acter as to estop him from denying it, and this contention,
we think, must be sustained.   (Civ. Code, secs. 2300, 2317,
Code Civ. Proc., sec. 1962, subd. 3; *Donnelly* v. *San Fran-
cisco Bridge Co.,* 117 Cal. 417, [49 Pac. 559] ; *Scott* v. *Glenn,*
87 Cal. 221, [25 Pac. 405] ; S. C., 98 Cal. 170, [32 Pac. 983].)

Afterward, the plaintiff applied to Lewis for a deed and
was offered a deed executed by Crenshaw, containing the

building restrictions and other restrictions provided for in his contract with Carey, and without any provisions as to the street work and water piping referred to in the contract sued on. This she refused to receive and demanded a deed without such restrictions and in accordance with her contract, which was refused by the defendants Lewis and Carey. Afterward, at the close of the evidence, the plaintiff offered to accept a deed with the building restrictions as first offered by defendants.

The defendants Lewis and Carey, not being able to make the deed called for by their contract, it is clear that the plaintiff cannot have specific performance of the contract, or at least complete specific performance. Nor, in view of her previous definite refusal to accept the deed offered by the defendants and the time elapsing before her offer to accept such a deed, are we prepared to say that the court below was not justified in refusing to require the defendants to make the deed the plaintiff was ready to accept.

It seems clear, however, that as to the defendants Carey and Lewis, the plaintiff has made a good case for damages, the measure of which in the present case should be the money paid on the contract (Civ. Code, sec. 3306). But, as it appears from the evidence that this money was once tendered, the judgment should be modified by adjudging to the plaintiff the recovery of $50 from the defendants Carey and Lewis, but without interest.

The order denying the plaintiff's motion for a new trial is affirmed. The judgment appealed from is reversed and the cause remanded, with directions to the lower court to modify the same as above indicated; and the judgment thus modified shall stand affirmed.

Gray, P. J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 14, 1906.