[L. A. No. 6557.  In Bank.—April 4, 1921.]

## PACIFIC SEWER PIPE COMPANY (a Corporation), Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Respondent.

[1] STREET LAW — VROOMAN ACT — TIME OF COMPLETION OF WORK.— The word "completed," as used in section 6½ of the Vrooman Act, permitting the filing of a claim "within thirty days from the time said improvement is completed," signifies the fulfillment of the contract to the satisfaction of the superintendent of streets, not the time the work is actually completed, and, therefore, a claimant is entitled to file his claim within thirty days after the improvement is accepted by a resolution of the board of public works of the city in which the work is done, which board, by virtue of the provisions of the city charter, is the superintendent of streets of that city.

[2] APPEAL—AGREED STATEMENT OF FACTS—CORRECTION OF ERRONEOUS JUDGMENT.—Where a case is determined upon an agreed statement of facts which discloses every fact essential to a correct judgment, and the trial court draws an incorrect conclusion therefrom, the correct judgment will be ordered upon a reversal.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. P. Wood, Judge.  Reversed.

The facts are stated in the opinion of the court.

Swanwick & Donnelly for Appellant.

Lawler & Degnan for Respondent.

LENNON, J.—Plaintiff herein is suing upon a contractor's bond for the purpose of recovering money for material furnished for use in certain street improvement work. The case was submitted upon stipulated facts which are as follows: Pursuant to the provisions of an act providing for work upon streets, etc., within municipalities, commonly known as the Vrooman Act (Gen. Laws 1915, p. 1714, Act 3930), the board of public works of the city of Los Angeles and the California-Arizona Construction Company entered into a contract for the performance by the latter of certain street work in the city of Los Angeles. The California-Arizona Construction Company, as principal, and defendant

United States Fidelity & Guaranty Company, as surety, executed and delivered to said city the undertaking required by section 6½ of the Vrooman Act. The California-Arizona Construction Company entered upon the performance of the contract and some time in the month of December, 1916, plaintiff, Pacific Sewer Pipe Company, furnished to the California-Arizona Construction Company, for use in said street improvement work, certain sewer-pipe and sewer-pipe fittings of the value of $470.97, which sum has never been paid. The last actual work and labor required on said improvement was performed May 11, 1917, and thereafter, on May 19, 1917, the city engineer issued and filed with the board of public works of Los Angeles his certificate that the improvement was completed. On May 25, 1917, the board of public works adopted a resolution whereby the improvement in question was accepted as completed to the satisfaction of that board.

Section 6½ of the Vrooman Act provides: ''Any material-man . . . furnishing materials to be used in the performance of said work specified in said contract, . . . whose claim has not been paid by the said contractor, . . . to whom the said contract was awarded, may, within thirty days from the time said improvement is completed, file with the superintendent of streets a verified statement of his or its claim. . . . '' The filing of the claim in accordance with these conditions is a prerequisite to the commencement of an action on the bond. On June 23, 1917, plaintiff filed with the board of public works a verified statement of its claim for $470.97. It will be noted that this claim was filed more than thirty days after the performance of the last work required on said improvement, but that less than thirty days had elapsed between the adoption by the board of public works of the resolution accepting the work as completed and the filing of the plaintiff's claim. The trial court, after making findings in accordance with the stipulated facts, found that the work in question was completed on May 11, 1917, and rendered judgment in favor of defendant, upon the theory that more than thirty days had intervened between the completion of the work and the filing of plaintiff's claim. Plaintiff appeals from this judgment, claiming that the work was not completed until the passage of the resolution accepting the

work and, therefore, that its claim was filed within the thirty-day period fixed by law.

"The verb, to complete, like many others, is used with some indefiniteness of signification; and the idea conveyed by it frequently depends upon the connection in which it is found, or the object to which it refers." (*Newell* v. *People,* 7 N. Y. (3 Seld.) 9, 131.)   [1]   We are of the opinion that the word "completed," as used in section 6½ of the Vrooman Act, permitting the filing of a claim "within thirty days from the time said improvement is completed," signifies the fulfillment of the contract to the satisfaction of the superintendent of streets, and, therefore, that plaintiff was entitled to file its claim within thirty days after the improvement was accepted by the resolution of the board of public works of Los Angeles, which board, by virtue of charter provisions, is the superintendent of streets of that city.   (Charter of City of Los Angeles, secs. 52a, 144.)

Section 6 of the aforesaid Vrooman Act requires that street improvement work provided for by the act be "done under the direction and to the satisfaction of the superintendent of streets, . . . and all contracts made therefor must contain a provision to that effect." Whether the work has been performed to the satisfaction of the superintendent of streets can only be determined by the acceptance of the same by the superintendent, and, where the superintendent of streets is the board of public works, that act of acceptance ordinarily takes the form of a resolution of the board. This acceptance constitutes the determining factor as to completion. Until the superintendent of streets has determined that the work called for by the contract has been satisfactorily performed, there is an element of incompleteness and uncertainty as to whether or not more work remains to be done, for, although the contractor may have deemed the improvement finished and ceased work thereon, the superintendent of streets may insist upon alterations or the performance of additional work. It is true that the acceptance of the work by the superintendent of streets in effect determines that the improvement was finished, in so far as actual work was concerned, at a prior date, but that fact does not necessitate a retroactive effect as against materialmen and other claimants. Since the consummation of the work is a matter of conjecture until the actual acceptance thereof, only

the approval of the authority whose acquiescence is required by statute can confer the stamp of finality. The thirty-day period after completion fixes a time after which material-men's claims cannot be filed. (*French* v. *Powell*, 135 Cal. 636, [68 Pac. 92].) Therefore, that interpretation of "completion" is to be preferred which provides a definite means for ascertaining the precise period within which such action can be taken. The fact that the materialman may file his claim immediately after supplying the material does not impair his right to the entire period permitted by statute for the filing of such claim and, therefore, presents no argument against the desirability of definiteness in the determination of the time from which the thirty-day period begins to run.

In referring to section 6½ of the Vrooman Act in his work on California Street Law, page 150, Page says: "This section is not to be given the same strict construction which is applied to mechanic's lien statutes. It is a remedy regarded with favor by the courts and its provisions will be liberally construed." The question now presented appears never to have been directly decided by this court, but statements made in passing upon other questions indicate that the court has inclined to the interpretation herein adopted. Thus, in *California Portland Cement Co.* v. *Boone*, 181 Cal. 35, [183 Pac. 447], in construing provisions of the Improvement Act of 1911, [Stats. 1911, p. 730], requiring the filing of a notice within thirty days after completion, the court says: "When was the work completed? The fact that the contractor requested that the work be accepted piecemeal as provided in section 30, and that the board of trustees granted the request, cannot change the plain provisions of the act that 'the work must, in all cases, be done under the direction and to the satisfaction of the superintendent of streets' (sec. 18), and that he alone, therefore, has power to accept the work as completed." In *Hadley* v. *Dague*, 130 Cal. 207, [62 Pac. 500], work had been accepted by the superintendent of streets within the time provided by the contract for the completion of the work but the city council, upon appeal, set aside the acceptance, after the time provided for completion had elapsed. The court was called upon to determine whether the work was "completed" within the time limited by the contract, and, in deciding

that it had been so completed, stated: "The contract provided, in accordance with the express requirements of the statute, that the contractor would do and perform the work 'under the direction and to the satisfaction of the street superintendent.' The provision therein fixing two hundred and fifty days as the time for the completion of the work must refer to the completion of the work according to the terms of the contract—*that is, to the satisfaction of the street superintendent and under his direction.*" (Italics ours.)

The work in question was not "completed" so as to start the running of the thirty-day period against materialmen and other claimants under section $6\frac{1}{2}$ of the Vrooman Act until it was accepted as satisfactory by the superintendent of streets, and it is conceded that plaintiff's claim was filed within thirty days after such acceptance. The trial court adopted and set forth in its findings the facts stipulated to by the parties, including the various dates upon which the different acts were performed, and these facts are sufficient to support a judgment in favor of plaintiff. The further findings of the trial court to the effect that the work was completed May 11, 1917, and that the claim was not filed within thirty days after the completion are incorrect conclusions from conceded facts and, consequently, are to be disregarded. (*Burnett* v. *Stearns*, 33 Cal. 468; *Carter* v. *Fox*, 11 Cal. App. 67, [103 Pac. 910].) **[2]** Where a case is determined upon an agreed statement of facts which discloses every fact essential to a correct judgment, and the trial court draws an incorrect conclusion therefrom, the correct judgment will be ordered upon a reversal. (*Perkins* v. *Cowles*, 157 Cal. 625, 634, [137 Am. St. Rep. 158, 108 Pac. 711].)

The judgment in favor of defendant is reversed, with directions to the trial court to enter a judgment in favor of plaintiff.

Shaw, J., Olney, J., Wilbur, J., and Lawlor, J., concurred.