[Civ. No. 5296. First Appellate District, Division One.—December 1, 1926.]

## MARIE LOUISE ENLOW, Respondent, v. W. M. IRWIN et al., Appellants.

[1] STATUTE OF FRAUDS—AGREEMENT FOR LEASE—ESSENTIAL REQUIRE-MENTS.—In order to satisfy the statute of frauds, a memo-randum of agreement for a lease which is required to be in writing must contain all of the essential and material parts of the lease which is to be executed thereafter, according to its terms, and particularly there must be a definite agreement as to extent and boundary of the property leased, a definite and agreed term, including a provision as to when the term of tenancy shall begin, and a definite and agreed price of rental and the time and manner of its payment.

---

1. See 12 Cal. Jur. 915; 25 R. C. L. 645.

[2] ID. — SUBSEQUENT IMPROVEMENTS — CONDITIONS TO BE INSERTED — AGREEMENT OF PARTIES—ORAL UNDERSTANDINGS.—Where improvements are to be made or conditions related to the tenancy are to be inserted in the lease thereafter to be executed, the agreement for the lease must either in itself be certain as to the kind and character thereof or it must be susceptible of being made certain by oral evidence showing a prior or contemporaneous understanding of the parties in that regard; and if the parties have come to no such understanding at the time the agreement for the lease is made, the uncertainty of the agreement in that regard is fatal and cannot be removed by oral evidence as to a later understanding.

[3] ID.—ACTION TO RECOVER DEPOSIT—INSUFFICIENT MEMORANDUM.— In this action to recover the deposit made under a memorandum of agreement for a ten-year lease of a room in a building to be constructed, the statute of frauds required the agreement to be in writing, and as the memorandum signed by the parties did not provide when the term was to begin, and provided that the arrangements of the interior were to be decided on when the lease was made, and showed that the lease thereafter to be executed was to contain certain conditions relating to the tenancy, but there was nothing contained in said memorandum indicating the nature, number, or extent of those conditions or that any of them were ever agreed upon or even discussed prior to or contemporaneously with the execution of said memorandum, and the forms of lease subsequently submitted by defendant were rejected by plaintiff, it was evident that neither at the time of the execution of said memorandum nor at any other time was there a meeting of minds or mutual assent of the parties which was necessary to constitute a valid contract, and that the terms of the agreement were not stated in writing with sufficient certainty to satisfy the requirements of the statute of frauds.

(1) 27 C. J., p. 277, n. 55, 56, 58, 59, p. 279, n. 96, 97, 98; 35 C. J., p. 1202, n. 88.   (2) 27 C. J., p. 279, n. 96.   (3) 27 C. J., p. 211, n. 34, p. 279, n. 96.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

Marks & Launer and Launer & Collins for Appellants.

Roland Thompson and Charles D. Swanner for Respondent.

KNIGHT, J.—The action herein was to recover the sum of $500 and interest paid by plaintiff pursuant to negotiations had with defendant R. E. Durbin for a lease of real property. The cause was submitted to the trial court on an agreed statement of facts, and judgment was given in plaintiff's favor. The defendants appeal.

The negotiations between plaintiff and Durbin were evidenced by an instrument in writing, signed by them, and reading as follows:

"Received this day from Marie Louise Enlow the sum five hundred and 00–100 Dollars, being a deposit in escrow with Fullerton Realty Company of Fullerton, California, as part payment in the nature of advance rent on lease of the following described property: A room approximately 16x36 feet in the new proposed Fullerton Hotel to be built by the Community Hotel Company on the Northwest corner of Wilshire and Spadra Streets said room to be described as follows: the first room on North wing next to Hotel Lobby, arrangements of interior to be decided on when lease is made. Said lease to be executed for a period of ten years at a monthly rental of One Hundred and 00–100 Dollars per month, payable in advance. The said Five Hundred and 00–100 Dollars, receipt of which is hereby acknowledged, is to remain in escrow until such time as lease, properly made out and signed, is turned over to the said Marie Louise Enlow at which time the said Five Hundred 00–100 Dollars will be turned over to R. E. Durbin to be held by him as security for the performance, of all the conditions of said lease, and to apply as the last five months rental of said lease, it being understood that should the said Marie Louise Enlow fail to comply with all of the conditions of said lease, the said lease will be cancelled by R. E. Durbin and the said Five Hundred 00–100 Dollars remain in his possession as damages. This agreement executed this 19th day of October, 1921, is to bind ourselves, our heirs, executors, administrators and assigns.

"R. E. DURBIN, Lessor.

"MARIE LOUISE ENLOW, Lessee.

"Interest to be paid Lessee on deposit at the rate of 6% per annum.

"R. E. DURBIN."

On or about November 1, 1921, and on several occasions thereafter, respondent demanded the return of the money she had paid under said instrument, but her demands were refused, and on July 31, 1922, she commenced this action to recover the same. The construction of the hotel building mentioned in said instrument was begun about February, 1922, and finished and the building ready for occupancy on January 15, 1923. Ignoring respondent's demands for the return of said money, Durbin on July 14, 1922, wrote her to the effect that he was at that time prepared to "make" the ten-year lease mentioned in said instrument, and for her to let him know when it would be agreeable to her "to complete the lease," and in October, 1922, tendered respondent the accrued interest on the $500, also a form of lease for her to sign. She refused to accept the interest money or to execute the lease, and on January 19, 1923, Durbin tendered another form of lease for her to execute, but it was likewise rejected, and no lease was ever signed, nor did she ever take possession of the property.

The parties are agreed that the instrument signed by them and hereinabove quoted was not a lease, but was merely an agreement to enter into a lease, and the sole question presented for determination is whether, as such, it is legally enforceable.

[1] In *Rohan* v. *Proctor*, 61 Cal. App. 447 [214 Pac. 986], in dealing with the subject now under consideration, it is said that in order to satisfy the statute of frauds a memorandum of agreement for a lease which is required to be in writing must contain all of the essential and material parts of the lease which is to be executed thereafter, according to its terms, and particularly must contain three essentials: First, there must be a definite agreement as to the extent and boundary of the property leased; second, a definite and agreed term; and third, a definite and agreed price of rental and the time and manner of its payment. (Jones on Landlord and Tenant, sec. 137a; *Dodd* v. *Pasch*, 5 Cal. App. 686 [91 Pac. 166] ; *Levin* v. *Saroff*, 54 Cal. App. 285 [201 Pac. 961].) And as to the second of the above essentials, the agreement for lease should define when the term of the tenancy shall begin (Taylor on Landlord and Tenant, 9th ed., sec. 70) ; [2] furthermore, where improvements are to be made or conditions relating to the tenancy

are to be inserted in the lease, the agreement for the lease must either in itself be certain as to the kind and character thereof or it must be susceptible of being made certain by oral evidence showing a prior or contemporaneous understanding of the parties in that regard; and if the parties have come to no such understanding at the time the agreement for the lease is made, the uncertainty of the agreement in that regard is fatal, since it is an uncertainty in a respect essential to its validity, which no amount of oral evidence as to a later understanding can remove. The effect of such evidence under the circumstances stated, if received would be merely to create an additional oral agreement, touching a vital and omitted essential of the writing, and thus render the entire contract between the parties oral and hence of necessity in violation of the statute of frauds. (See, also, *Wineburg* v. *Gay,* 27 Cal. App. 603 [150 Pac. 1003].)

[3] The agreement in question here was one that the statute of frauds required to be in writing, the subject matter thereof being for the leasing of real property for a term of ten years (subd. 5, sec. 1624, Civ. Code), and measured by the foregoing rules it is at once apparent that said agreement is fatally defective in at least three particulars. First, the beginning of the term is not made certain. With respect thereto we are not unmindful of the fact that at the time the agreement was signed the building mentioned therein was not even in the course of construction, and that many authorities hold that a lease is not invalid by the circumstance that the term is to begin upon the completion of a building. (Jones on Landlord and Tenant, sec. 113, and cases therein cited.) The agreement here, however, nowhere provided that the term should begin upon the completion of the building or at any other time, and, consequently, the commencement of the tenancy might have been deferred indefinitely, by either of the parties, after the completion of the building. Secondly, the agreement provides that the room to be leased was to be "the first room on the north wing next to the hotel lobby, *arrangements of the interior to be decided on when the lease is made.*" (Italics ours.) The italicized clause shows clearly that such arrangements had not been made at the time the agreement was signed, but were deferred for future consideration and agreement. Thirdly, said agreement shows that the

lease to be thereafter executed was to contain certain conditions relating to the tenancy, for the faithful performance of which the lessor was to retain the said sum of $500 until nearly the end of the ten-year term; but there is nothing contained in said agreement indicating the nature, number, or extent of those conditions or that any of them were ever agreed upon or even discussed between the parties prior to or contemporaneous with the execution of said agreement; and the fact that forms of leases containing different conditions were afterward submitted for execution and rejected, long after the agreement herein was executed, conclusively shows that the conditions of the tenancy were never agreed upon at any time. The forms of the leases so tendered and rejected contained conditions covering six typewritten pages of the reporter's transcript and relating to more than sixteen different subjects. Some of them, if agreed to, would have had the effect of restricting respondent's use of the premises and also her right to recover damages for defective wiring, plumbing and building equipment; others would have established liability on her part for alterations, heat, and upkeep, and would have fixed the amount of the water and light bills she would be required to pay. Conditions were also inserted curtailing her right to assign, hypothecate, or transfer her leasehold interest, and in case of suit for forfeiture would have permitted the allowance of attorney's fees; and, lastly, her tenancy was made subject to all the conditions of the lease to be executed between Durbin and the owners of the property.

In view of the foregoing it is evident that neither at the time of the execution of the agreement in question nor at any other time was there a meeting of minds or mutual assent of the parties which is necessary to constitute a valid contract, and, furthermore, that the terms of the agreement were not stated in writing with sufficient certainty to satisfy the requirements of the statute of frauds. The judgment is therefore affirmed.

Tyler, P. J., and Campbell, J., *pro tem.,* concurred.