[Civ. No. 3956.   Third Appellate District.—December 10, 1929.]

HARRIS & HULL, INC. (a Corporation), Appellant, v. McCARTY–VAUGHAN–EVANS CORPORATION et al., Respondents.

Abrahams & Sadicoff and Paul J. Ziegler for Appellant.

Kemp, Partridge & Kemp and Douglas D. Crystal for Respondents.

FINCH, P. J.—This is an action for specific performance of an alleged contract for the sale to the plaintiff of a number of lots in Los Angeles County. The defendants were given judgment for costs and the plaintiff has appealed.

The alleged contract is attached to the complaint and made a part thereof. The lots are therein described by reference to an unrecorded map, which the contract recites is not recorded. It is signed on the part of the seller as follows: "McCarty-Vaughan-Evans Corporation, Sellers, Fred T. Linstrum." The prayer of the complaint is for judgment "for specific performance of said contract, . . . or for damages in case specific performance cannot be had, . . . and for such other and further relief in the premises as may be equitable."

The answer denies the execution of the alleged contract and, among other defenses, alleges that it "is illegal and void" because the map referred to therein had not been filed for record.

Respondents contend that the contract was not executed by any person having authority to bind the seller. This may be conceded for the purposes of this opinion, but the alleged contract was delivered to the defendants and, admittedly, the plaintiff paid them and, with knowledge of the terms of the contract, they accepted four payments thereon, aggregating $1960.12, which they still retain. This was such a ratification of the contract as to bar any defense on the ground of want of authority to execute it.

It is equally clear that the alleged contract is void by reason of the description of the lots by reference to the unrecorded map, but the plaintiff had the right to recover the money paid on the contract. (*Smith* v. *Bach*, 183 Cal. 259 [191 Pac. 14]; *Hartzell* v. *Doolittle*, 205 Cal. 17 [269 Pac. 527]; *Letteau* v. *Dumas*, 99 Cal. App. 230 [278 Pac. 459]; *Shortell* v. *Evans-Ferguson Corp.*, 98 Cal. App. 650 [277 Pac. 519]; *Krause* v. *Marine Trust & Sav. Bank*, 93 Cal. App. 681 [270 Pac. 246].)

The fact that the plaintiff knew that the map was unrecorded is not a bar to its recovery of the money paid on the contract. (*White* v. *Jacobs,* 204 Cal. 334 [267 Pac. 1087].)

The effect of the judgment is to leave the defendants in the ownership of the lots and also the money which the plaintiff paid them therefor. An action by the plaintiff for the recovery of such money, filed after the entry of judgment herein, would have been barred by the statute of limitations, in part at least. The complaint herein alleges that "the plaintiff made certain payments of principal and interest under the aforesaid contract to the defendants, and that said payments have been accepted by the defendants." It appears from the face of the complaint that the alleged contract is void and the answer expressly so alleges. Since the complaint shows that the contract is void, it does not state a cause of action for specific performance, but it does state sufficient facts to constitute a cause of action for the recovery of the purchase money paid to the defendants. "It is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, and a party cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled." (*Zellner* v. *Wassman,* 184 Cal. 80, 88 [193 Pac. 84, 87]; *Estate of Brown,* 196 Cal. 114, 126 [236 Pac. 144]; *Von Schrader* v. *Milton,* 96 Cal. App. 192 [273 Pac. 1074]; *Masero* v. *Bessolo,* 87 Cal. App. 262 [262 Pac. 61]; *Gregg* v. *Carey,* 4 Cal. App. 354 [88 Pac. 282].)

Since the court found that the alleged contract is void, but that the plaintiff paid thereon and the defendant accepted the sum of $1960.12, it appears unnecessary to send the case back for a retrial. The appellant is entitled to interest on the amount so paid from the time of the entry of judgment at least. The court found that the "McCarty-Vaughan-Evans Corporation was succeeded in its property rights by the defendant John A. Vaughan Corporation, and that said last-named defendant assumed all of the obligations of the said McCarty-Vaughan-Evans Corporation with respect to the property described" in the contract.

The judgment is reversed and the trial court is directed to enter judgment on the findings in favor of the plaintiff

against the defendants McCarty-Vaughan-Evans Corporation, a corporation, and the John A. Vaughan Corporation, a corporation, for the sum of $1960.12, together with interest thereon at seven per cent per annum from the day of the entry of the judgment appealed from, and for costs of suit.

Plummer, J., and Thompson (R. L.), J., concurred.