[L. A. No. 12868. In Bank.—October 31, 1933.]

FRANK MARTIN, Respondent, v. J. E. HALL, Appellant.

C. A. Lindeman for Appellant.

Harold Richardson for Respondent.

SEAWELL, J.—Defendant J. E. Hall appeals from a judgment on the pleadings quieting the title of plaintiff Frank Martin to real property in the county of Los Angeles and from an order denying his motion to vacate said judgment. By his original answer and cross-complaint defendant alleged that plaintiff had agreed to give him an oil and gas lease on said property, for which defendant had paid $5,000 and agreed to make further payments. He prayed for specific performance of said agreement for a lease. Thereafter he amended his answer and cross-complaint to pray for damages instead of for specific performance. He alleged that subsequent to issue joined upon the original pleadings the production of oil and gas in the vicinity of the lands in question had been so curtailed and limited, pursuant to legislation of the state of California effective since the joinder of issue, as to destroy the value of an oil and gas lease on the premises and make drilling of a well unprofitable and prohibitive. On August 8, 1928, when the contract for a lease was signed, defendant alleged that said lease would have had a cash value in excess of $17,500, the sum agreed to be paid therefor, and that he could have drilled and operated wells at a profit, wherefore he prayed for damages in the amount of $50,000.

When the case came on for trial, plaintiff orally moved for judgment on the pleadings, which was granted. Thereafter, upon defendant's motion to vacate, the court modified the judgment to provide that it should be "without prejudice to the rights of defendant to maintain a separate action as to matters set forth in the cross-complaint". It is apparent from the record that the court was of the view that a claim for monetary damages could not be made the subject

of cross-complaint in an action to quiet title. Since the decision of the court below it has been determined that in the circumstances alleged herein damages may be recovered by cross-complaint. (*California Trust Co.* v. *Cohn,* 214 Cal. 619 [7 Pac. (2d) 297, 299]; *Hanes* v. *Coffee,* 212 Cal. 777 [300 Pac. 963].)

■ Where a quiet title action is directed at all claims made by defendant under a written instrument, and would not have been brought but for defendant's claims under said instrument, the claim of plaintiff to quiet title and the claim of defendant for damages for breach of said instrument are necessarily related to the same "transaction" within the meaning of section 442 of the Code of Civil Procedure. Although the complaint is in the usual brief form, alleging simply plaintiff's title and right to possession, and setting forth no "transaction", this is not conclusive. "The facts surrounding the cause of action and not the form of the complaint are determinative of what constitutes the transaction." (*California Trust Co.* v. *Cohn, supra.*) The effect of the two cited cases, taken together, is to disapprove of the reasoning advanced in *Meyer* v. *Quiggle,* 140 Cal. 495 [74 Pac. 40], and *Yorba* v. *Ward,* 109 Cal. 107 [38 Pac. 48, 41 Pac. 793], so far as they dealt with the "transaction" clause of the cross-complaint statute. (*California Trust Co.* v. *Cohn, supra,* at p. 625 of 214 Cal.) ■ The relief sought on cross-complaint need not diminish or defeat the plaintiff's recovery, but may be distinct from the relief demanded by the plaintiff. (*Hanes* v. *Coffee, supra.*)

Appellant contends that irrespective of the propriety of a cross-complaint for monetary damages in an action to quiet title, or the sufficiency of the facts alleged by him by way of cross-complaint to state a cause of action for damages, his general denials of plaintiff's ownership and right of possession are sufficient to state a defense to plaintiff's claim of title. ■ In an action to quiet title general allegations or denials of ownership and possession are sufficient. (*Smart* v. *Peek,* 213 Cal. 452 [2 Pac. (2d) 380].) ■ But in the case herein appellant, by his claim for damages and his allegation that the state of California had curtailed the production of oil and gas in the vicinity and thereby "destroyed the value" of a lease, has abandoned his claim to an interest in the property. By accepting a lease appellant would as-

sume burdensome obligations, including payment of $12,500. He is unwilling to accept a lease which would be without value, and in legal effect has so stated in his answer. ■ It is the law that where a party undertakes to plead his title specially, as well as generally, the special allegations may be treated as surplusage if insufficient or incomplete. (*Smart* v. *Peek, supra.*) But where the special allegations affirmatively reveal the weakness of his title, their effect is to nullify the general allegations. (*Hamman* v. *Milne,* 179 Cal. 634 [178 Pac. 523]; *Sierra Land & Water Co.* v. *Cain Irr. Co., ante,* p. 82 [25 Pac. (2d) 223]; *Durst* v. *Jolly,* 35 Cal. App. 184 [169 Pac. 449].) The same effect must be attributed to allegations whereby a party renounces all interest in the property. Appellant by his pleading has conceded the right of plaintiff to a judgment quieting title. Furthermore, it affirmatively appears from the special allegations of appellant's pleading that the alleged agreement was too uncertain and incomplete to vest in him any interest in or claim to said property, as will appear hereafter.

■ It follows from the fact that the alleged agreement as described by appellant is too uncertain and incomplete to constitute a valid agreement for a lease, that his cross-complaint fails to state a cause of action for damages for breach of said agreement in the sum of $50,000, as prayed for. However, by virtue of the fact that the alleged agreement is unenforceable appellant has stated a cause of action for recovery of the sum of $5,000, which he alleges he paid respondent for a lease and which respondent still retains.

Appellant alleges execution of a written agreement for a lease on August 8, 1928. The written agreement is not set forth *haec verba* in the answer and cross-complaint. As described by appellant it is uncertain, indefinite and incomplete, particularly in that it fails to fix a date for commencement of the lease or to fix any term of duration (*Rohan* v. *Proctor,* 61 Cal. App. 447 [214 Pac. 986]; *Enlow* v. *Irwin,* 80 Cal. App. 98 [251 Pac. 658]). It is specifically alleged that other provisions were to be mutually agreed on, which indicates that essential terms were left for after consideration and agreement. (*Howard* v. *Burrow,* 77 Cal. App. 4 [245 Pac. 808]; *Durst* v. *Jolly, supra; Enlow* v. *Irwin, supra; Los Angeles Soda Works* v. *Aquazone Co.,* 103 Cal. App. 105 [284 Pac. 253].) The subsequent allegation as to

negotiations had between appellant's attorney and respondent's attorney are insufficient to remove the uncertainty or to establish that the minds of the parties had met in final agreement.

█ Although appellant does not ask for return of the $5,000 in the event he is not entitled to damages as prayed for, his pleading contains a prayer for general relief. "It is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, and a party cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled." (*Zellner* v. *Wassman*, 184 Cal. 80, 88 [193 Pac. 84]; see, also, *Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186 [190 Pac. 797]; *Harris & Hull, Inc.*, v. *McCarty etc. Corp.*, 102 Cal. App. 461 [283 Pac. 111]; *Von Schrader* v. *Milton*, 96 Cal. App. 192 [273 Pac. 1074]; *Gregg* v. *Carey*, 4 Cal. App. 354 [88 Pac. 282].) The court may grant any relief consistent with the case made by the complaint and embraced within the issues. (Sec. 580, Code Civ. Proc.) In *Harris & Hull, Inc.*, v. *McCarty etc. Corp., supra,* a contract for the sale of lots, which plaintiff sought to enforce by specific performance, appeared from the complaint to be void by reason of the description of the lots by reference to an unrecorded map. In sustaining the right of plaintiff to recover the sum of $1960.12 paid on the contract the appellate court said: "It appears from the face of the complaint that the alleged contract is void and the answer expressly so alleges. Since the complaint shows that the contract is void, it does not state a cause of action for specific performance, but it does state sufficient facts to constitute a cause of action for the recovery of the purchase money paid to the defendant."

In *Zellner* v. *Wassman*, 184 Cal. 80 [193 Pac. 84], the plaintiff sued the administrator and heirs of a decedent to recover on an oral promise of decedent to leave him $5,000 by will in consideration of his caring for decedent. The plaintiff was not entitled to recover on the contract by virtue of the statute of frauds, but the court held that his pleadings stated a cause of action for recovery of the reasonable value of his services.

Upon the pleadings herein, plaintiff was entitled to a judgment quieting his title to the lands described in the com-

plaint. But the cross-complaint stated a case for recovery of the sum of $5,000, which the court should have heard. The judgment and order appealed from are therefore affirmed in so far as they quiet plaintiff's title, but in so far as they determine that defendant take nothing on his cross-complaint they are reversed for further proceedings on said cross-complaint.

Thompson, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.