[Civ. Nos. 10926, 10927. First Appellate District, Division Two.— January 17, 1939.]

STATE MUTUAL BUILDING AND LOAN ASSOCIATION (a Corporation), Appellant, v. COUNTY OF LOS ANGELES (a Political Subdivision), Respondent.

Holbrook & Tarr and W. Sumner Holbrook, Jr., for Appellant.

Everett W. Mattoon, County Counsel, J. H. O'Connor, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondent.

SPENCE, J.—Two actions were brought by plaintiff, pursuant to the provisions of section 3804 of the Political Code, seeking the refund of taxes alleged to have been illegally collected by defendant. In each of said actions, judgment was entered in favor of defendant after a trial by the court sitting without a jury. Plaintiff has appealed from each of said judgments and the two appeals have been consolidated pursuant to stipulation.

It appears that plaintiff invested large sums of money in mortgage loans—that is to say, in promissory notes secured by mortgages on land. Some of said notes were secured by mortgages on lands located in the state of California and others were secured by mortgages on lands located in the state of Arizona. All of said notes and mortgages were held by plaintiff at its office and principal place of business in the city of Los Angeles.

Plaintiff annually returned to the county assessor a financial statement showing its loans and designating the location of the lands securing said loans. No assessment has ever been made nor has any tax ever been collected on any of the notes secured by mortgages on lands located in the state of California. In each of the three years involved in these actions, to wit, 1932, 1933 and 1934, the assessor did assess the notes which were secured by mortgages on land in Arizona. These were assessed under the description "Arizona mortgages" or "Mortgages". Thereafter plaintiff paid taxes thereon at the rate provided by section 3627a of the Political Code. The total amount paid was slightly in excess of $7,000 and plaintiff sought to recover said amount by these two actions.

There is no dispute concerning the material facts above set forth and the question presented is whether said taxes were "illegally collected". It is plaintiff's contention that they were and that the trial court erred in entering judgments in favor of defendant. In our opinion, this contention must be sustained.

Section 1 of article XIII of the Constitution provides: "All property in the state except as otherwise in this Constitution provided, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law, or as hereinafter provided. The word 'property' as used in this article and section, is hereby de-

clared to include moneys, credits, bonds, stocks, dues, franchises, and all other matters and things, real, personal, and mixed, capable of private ownership; *provided, that a mortgage, deed of trust, contract, or other obligation by which a debt is secured when land is pledged as security for the payment thereof, together with the money represented by such debt, shall not be considered property subject to taxation; . . .* '' (Italics ours.)

The italicized proviso was adopted in 1910. The language thereof is very broad and we find no ambiguity therein so far as its application to the facts before us is concerned. The proviso uses the word ''land'' without qualification or limitation. It does not purport to define said word and ''It is to be presumed, in the absence of anything in the context to the contrary, that the words were used in the ordinary acceptation and as defined by the statutes in force at the time.'' (*City of Pasadena* v. *County of Los Angeles*, 182 Cal. 171, 175 [187 Pac. 418].) The word ''land'' was defined by statute in force at the time of the adoption of said proviso. (Civ. Code of Cal., sec. 659.) Defendant would have us read into said proviso the words ''in this state'' after the word ''land'' but we find no justification for so doing. If such limitation had been intended, it would have been a simple matter to have expressed it.

There are portions of defendant's brief in which it is impliedly, if not expressly, conceded that a literal interpretation of the proviso sustains plaintiff's position. Defendant contends, however, that the limitation claimed by defendant is ''indicated'' (1) by the language of the section when read as a whole, (2) by the argument to the voters, (3) by court decision, and (4) by legislative interpretation. We find nothing in the first three which ''indicates'' such a limitation. Under the fourth, defendant calls our attention to the 1929 amendments to sections 3617, 3628 and 3629 of the Political Code in which the word ''land'' was followed by the words ''in this state'' or ''situate within this state''. Between 1910 and 1929, no such qualification or limitation was found in any of said sections. We do not believe said statutory amendments are controlling in interpreting the constitutional proviso which was adopted 19 years earlier. The situation is somewhat analogous to that presented in *Pasadena University* v. *Los Angeles County*, 190 Cal. 786, where the court said at

page 788 [214 Pac. 868], "The decision of this case rests solely upon an interpretation of the language of the Constitution. Section 3613, subdivision 2, of the Political Code was passed subsequent to the adoption of the constitutional amendment above set out and it can in no way limit or extend the exemption therein granted." (See, also, *St. John's Church* v. *County of Los Angeles*, 5 Cal. App. (2d) 235 [42 Pac. (2d) 1093].)

In view of the conclusions which we have reached, it appears unnecessary to consider the questions raised by plaintiff under the provisions of the federal Constitution. It further appearing that all of the facts involved in these actions were either proved by uncontradicted evidence or by stipulation, we believe it appropriate to direct the entry of judgments in favor of plaintiff.

The judgments are reversed with directions to the trial court to enter judgment in favor of plaintiff in each of said actions.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 16, 1939. Shenk, J., voted for a hearing.