225 P.2d 536]

Appellate Department, Superior Court, San Diego

[Civ. A. No. 161359.   Dec. 7, 1950.]

ED DUSOLD et al., Appellants, v. RICHARD B. JOHNSTON, Respondent.

908

Edwin M. Campbell for Appellants.

Miller, Higgs & Fletcher for Respondent.

BURCH, J.—Pending negotiations for the leasing of a storeroom, the plaintiffs deposited with the defendant the sum of $450. By this action they seek its recovery, with interest, upon the ground that the negotiations were abortive and that no enforceable contract resulted. Defendant claims a binding obligation was entered into by the terms of which and because of the breach of the plaintiffs he is entitled to retain the $450 as damages. Judgment below was for the defendant and the plaintiffs appealed.

From the agreed statement of facts and admissions in the pleadings, it appears that the parties negotiated for a lease for a five-year term upon a storeroom in La Jolla. The parties signed the following instrument:

"Received of Burtus S. Finch, the sum of Four Hundred Fifty Dollars ($450.00), which sum represents the consideration referred to in page one (1) of the Lease covering the tenancy of the store situated at 5734 La Jolla Boulevard, La Jolla, California, and showing Elroy E. and Cecile M. Stevenson, husband and wife and E. and Naomi DuSold, husband and wife, as Lessees.

Richard B. Johnston

August 17, 1949          Richard B. Johnston, Lessor

"Should the abovenamed Lessees fail to enter into said Lease as abovementioned, on or before September 15, 1949, the undersigned here understands and agrees that the above-described consideration of Four Hundred Fifty Dollars ($450.00) shall, at the option of the Lessor abovenamed, be retained by Lessor, as liquidated damages.

(x)   Burtus S. Finch

August 17, 1949          (x)   Helen Finch"

It is conceded that Burtus S. Finch was acting for and on behalf of the lessees and was duly authorized.

On September 14, 1949, the plaintiffs demanded of the lessor return of the $450 deposit. In the interim between the writing and the demand, the defendant had prepared and submitted to the plaintiffs an unsigned form of lease containing some 23 paragraphs of covenants and obligations incident to the term, use, rent, repairs, taxes, fire insurance, assignment and subletting, termination by bankruptcy, liability for damages, yielding possession, holding over, attorney's fees, damage for broken pipes, condemnation, forfeiture and remedies, notices, and making time of the essence, none of which covenants and provisions are evidenced in the writing other than a proper description of the premises to be leased. The prepared lease was never executed, and the lessees never acquired possession.

At the trial, parol evidence was introduced tending to show that the defendant exhibited to the plaintiffs during the negotiations a copy of an executed lease to other lessees for a different term upon an adjoining store owned by the defendant in the same building.

Since the lease was to be for a term of more than one year, the transaction came within the provisions of section 1624, subdivision 4 of the Civil Code. The defendant contends that the writing, supplemented by the parol evidence, created an enforceable contract which was breached by the plaintiffs to his damage, and that the judgment is supported accordingly. Plaintiffs contend the signed instrument is wanting in the necessary elements of an agreement for a lease, or an option for a lease. Further, that the written memorandum is insufficient to satisfy the statute of frauds, section 1624, subdivision 4 of the Civil Code. We are of the opinion that plaintiffs are correct in their contention. While the memorandum has a sufficient description of the property to be leased, and the names and identification of the parties, lessor and lessees, it is totally lacking in identification of the term, its beginning and ending, or of the rental and the time and places of its payment. These latter elements are substantive and essential in a lease or an agreement for a lease. (*Friedman* v. *Bergin*, 22 Cal.2d 535, 539 [140 P.2d 1]; *Ellis* v. *Klaff*, 96 Cal.App.2d 471 [216 P.2d 15]; *Wineburgh* v. *Gay*, 27 Cal. App. 603 [150 P. 1003]; *Rohan* v. *Proctor*, 61 Cal.App. 447 [214 P. 986]; *Enlow* v. *Irwin*, 80 Cal.App. 98 [251 P. 658]; Restatement of Contracts, 207, Williston on Contracts (1936) vol. 2, pp. 1618, 1619, 1645.) Notwithstanding some implications to the contrary in *Wineburgh* v. *Gay, supra, Enlow*

v. *Irwin, supra,* and *Beckett* v. *City of Paris Dry Goods Co.,* 14 Cal.2d 633 [96 P.2d 122], only if the instrument executed on August 17 contains the material terms of the contract is the same enforceable. (*Fritz* v. *Mills,* 170 Cal. 449 [150 P. 375]; *Zellner* v. *Wassman,* 184 Cal. 80 [193 P. 84]; *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154]; *Friedman* v. *Bergin, supra,* p. 537; *Ellis* v. *Klaff, supra,* p. 478.) ■ If a substantive portion of the agreement could be established by parol evidence, the objective of the statute would be frustrated. (*Craig* v. *Zelian,* 137 Cal. 105, 106 [69 P. 853].) The reference to an existing lease in the writing signed by the defendant is a fiction tacitly admitted by the pleadings in that the lease, unsigned and unexecuted, was prepared after the writing. There is no such ambiguity as could be resolved by exhibiting the executed lease for defendant's adjoining store in the circumstances here.

■ It is true that in pleading their facts in the first cause of action the plaintiffs do not specifically set up the statute of frauds as the ground for recovery, but their second cause of action is on a common count for money had and received by defendant for the use and benefit of plaintiffs. The case, however, was tried below on the theory of a binding contract breached by the plaintiffs to defendant's damage. Upon the pleadings, therefore, and the theory upon which the case was tried, plaintiffs have established their right of recovery. (*Ellis* v. *Klaff,* 96 Cal.App.2d 471 [216 P.2d 15]; *Enlow* v. *Irwin,* 80 Cal.App. 98 [251 P. 658]; *Martin* v. *Hall,* 219 Cal. 334 [26 P.2d 288].) We quote from *Martin* v. *Hall, supra,* page 338:

". . . by virtue of the fact that the alleged agreement is unenforceable appellant has stated a cause of action for recovery of the sum of $5,000, which he alleges he paid respondent for a lease and which respondent still retains."

And again on page 339:

" 'It is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, . . .' "

In *Zellner* v. *Wassman,* 184 Cal. 80 [193 P. 84], which was an action against an administrator and heirs of a decedent to recover on an oral promise of decedent, unenforceable by reason of the statute, the court says that the plaintiff was not entitled to recovery on the contract by virtue of the statute of frauds, but the court held that his pleading stated a cause of action for the recovery of the reasonable value of his services.

In *Ellis* v. *Klaff, supra,* at page 475 the court said:

"Conceding that the bar of the statute of frauds is being asserted for the first time upon the appeal, we nevertheless are constrained under the particular circumstances to exercise our discretion to consider the matter. (See *Solorza* v. *Park Water Co.,* 86 Cal.App.2d 653 [195 P.2d 523].)"

In view of our conclusion that the statute of frauds argued on appeal controls the proper disposition of the case; that the sufficiency of the memorandum as to the substantive portions of the proposed contract must be determined from the writing, unsupplemented by parol evidence, we direct that the judgment be reversed. Further, since the sufficiency of the memorandum is a question of law and that no material facts are in dispute, we direct that judgment be entered for the plaintiffs for $450, with interest from September 14, 1949. (See *Perkins* v. *Cowles,* 157 Cal. 625 [108 P. 711, 137 Am.St. Rep. 158, 30 L.R.A.N.S. 283]; *Pacific Sewer Pipe Co.* v. *United States Fidelity & Guaranty Co.,* 185 Cal. 515 [197 P. 332]; *Meyer* v. *Johnson,* 7 Cal.App.2d 604 [46 P.2d 822]; *State Mutual Bldg. & Loan Assn.* v. *County of Los Angeles,* 30 Cal.App.2d 383 [86 P.2d 372].)

Judgment is reversed. Let judgment be entered by the trial court for plaintiffs for $450 with interest from September 14, 1949.

Turrentine, P. J., concurred.

Glen, J., deeming himself disqualified, did not participate in the hearing or decision.